In re PACIFIC ENTERPRISES, LTD.
d/b/a Pacific Gem Co., Debtor.

CITIZENS TRUST COMPANY, Plaintiff,

v.

Arnold BLASBALG, Trustee, Defendant.

Bankruptcy No. 8200619.
Adv. No. 820358.

United States Bankruptcy Court,
D. Rhode Island.

Feb. 2, 1984.

Allen P. Rubine, Winograd, Shine &
Zacks, P.C., Providence, R.I., for the Trustee.

Robert N. Huseby, Sr., Letts, Quinn &
Licht, P.C., Providence, R.I., for Citizens
Trust Co.

Marvin Homonoff, Kirshenbaum & Kirshenbaum, Providence, R.I., for debtor.

## DECISION GRANTING THE TRUSTEE'S MOTION TO COMPEL PRODUCTION

**ARTHUR N. VOTOLATO, Jr.,** Bankruptcy Judge.

The trustee seeks an order compelling the production of certain diary entries in the possession of the secured creditor, Citizens Trust Company, and Citizens objects on a variety of grounds.

In 1977, Pacific Enterprises, Ltd., d/b/a Pacific Gem Co., granted Citizens a security interest in certain collateral, including accounts receivable. An involuntary Chapter 7 petition was filed against Pacific on July 22, 1982, and Pacific immediately consented to the entry of an order for relief. At the time, Pacific (the debtor) was in default of its obligation to Citizens in excess of $150,000. Two weeks later, Citizens filed a complaint for relief from the automatic stay, seeking to set off $8,803 which the debtor had on deposit with Citizens. The trustee filed a counterclaim alleging two preferential payments to Citizens totalling $151,523, on the ground that Citizens was drastically undersecured on the dates of the payments in question.

In connection with his counterclaim, the trustee seeks production from Citizens of numerous records, including bank diaries, "pertaining to [Citizens'] loans and/or lines of credit, accounts or other financial relationships with Pacific Enterprises, Ltd. d/b/a Pacific Gem Co. from September 1977 to the present." Trustee's Notice of Intention to Take Deposition and Request for Production at 1. After Citizens asserted that the diary entries were privileged, the trustee moved to compel the production of "all diary entries relating to any loan or loans made by Citizens Trust Company to the debtor." Citizens objected to the motion, and after hearing, the parties submitted memoranda.

Citizens advances several reasons for refusing to produce the requested documents, among them, that the diaries contain confidential information which its duty to its customer, Pacific Enterprises, Ltd. (the debtor), prevents it from disclosing. As the trustee points out, however, "[t]he trustee ... is [now] the representative of the estate," 11 U.S.C. § 323(a). Although Citizens' Reply Memorandum addresses several issues raised in the trustee's brief, it fails to respond to the trustee's argument on this point, probably because there is no logical reply. "Communications received by bankers in ... implied confidence ... are not privileged," 10 Am.Jur.2d *Banks* § 332 n. 1 (1963), and a bank may be compelled by court order to disclose such communications. *Id.* at § 332.

■ Citizens also contends that the trustee's request was not stated with "reasonable particularity" as required by Fed.R. Civ.P. 34(b),[1] and further that the documents sought contain irrelevant information. The trustee's request, although broad, is clearly "relevant to the subject matter involved in the pending action" and "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The trustee cites portions of depositions as support for his contention that "[d]epositions have shown that plaintiff Bank has kept 'diary entries' which are likely to contain information essential to Trustee's ability to prove that the debtor made payments to the Bank at a time when the Bank was woefully undercollateralized, and within 90 days of the filing." Trustee's Memorandum at 5. Citizens virtually concedes that the diary entries meet the minimal criteria of relevance required by Fed.R. Civ.P. 26(b)(1) when it states that the trustee "could have obtained the information contained in the diary entries by asking the appropriate questions at the deposition of Plaintiff's senior vice president ... [but] failed to ask these questions." Reply Memorandum in Support of Plaintiff's Objection to Motion to Compel Production of Documents at 6. The scope of discovery is very

---

1. The Federal Rules of Civil Procedure cited in this decision are applicable to this proceeding pursuant to Bankruptcy Rules 7026, 7034, and 9014.

broad,[2] and unless discovery rules are liberally interpreted, their usefulness as a pretrial tool would be virtually eliminated. The trustee's request for production is not lacking in "reasonable particularity," nor does it exceed the scope of discovery as defined by Rule 26(b)(1).

■ Although Citizens did not assert the attorney-client privilege in its original memorandum, it does so in its reply memorandum. There, Citizens contends that "[t]he attorney-client privilege protects only those portions of the diary entries which constitute *communications* between Plaintiff [Citizens] and Plaintiff's attorney." Citizens' Reply Memorandum at 7 (emphasis in original). This is the extent of Citizens' argument with respect to the attorney-client privilege, and the Court remains unenlightened as to which, if any, diary entries or portions thereof are asserted to be "communications." It is also unclear whether Citizens is restricting its argument to diary entries prepared by an in-house attorney. In any event, the attorney-client privilege does not extend to "the memoranda, briefs, communications and other writings prepared by counsel for his own use in prosecuting his client's case; and it is equally unrelated to writings which reflect an attorney's mental impressions, conclusions, opinions or legal theories." *Hickman v. Taylor*, 329 U.S. 495, 508, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947). In the absence of any cogent explanation of the applicability of the attorney-client privilege in this case, we must conclude that the privilege does not apply here.

A closer question is presented in Citizens' argument that the diary entries are immune from discovery under the "work product" doctrine, Fed.R.Civ.P. 26(b)(3). Pursuant to this Rule, .

a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and *prepared in anticipation of litigation or for trial* by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent), only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. (emphasis added.)

Because there is no requirement in Rule 26(b)(3) that the documents at issue be prepared by an attorney, we need not decide whether documents prepared by a business executive who is also in-house counsel have any special protection. *See, e.g.,* 4 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 26.-64[4], at 26–450 (2d ed. 1983) ("The mere fact that an attorney is present at discussions of business affairs does not immunize the discussions from discovery").

■ It is clear, however, both from the explicit language of Rule 26(b)(3), and from case law, that the qualified immunity from discovery of work product applies only to materials "prepared in anticipation of litigation or for trial." Rule 26(b)(3). Furthermore, several courts have held that there must be a substantial probability of litigation before a document will be deemed to have been "prepared in anticipation of litigation," *e.g., Duplan Corp. v. Deering Milliken, Inc.,* 61 F.R.D. 127 (D.S.C.1973), *Thomas Organ Co. v. Jadranska Slobodna Plovidba,* 54 F.R.D. 367 (N.D.Ill.1972), and one court has held that "[t]he probability must be substantial and the commencement of litigation must be imminent." *Duplan Corp., supra,* 61 F.R.D. at 130.

In attempting to establish that each of the requested documents was prepared "in anticipation of litigation or for trial",[3] Rule

---

**2.** "It is difficult to imagine any document or thing which could not be ordered produced under appropriate circumstances." 4A J. Moore, J. Lucas, & D. Epstein, *Moore's Federal Practice* ¶ 34.09 at 34–53 (2d ed. 1983).

**3.** "The Court interprets [Fed.R.Civ.P.] 26(b)(3) to first put the burden upon the party opposing discovery to show, as to each document, that it was prepared under (b)(3) circumstances." *Virginia Electric & Power Co. v. Sun Shipbuild-*

26(b)(3), Citizens has submitted affidavits of two employees, described respectively as "Senior Vice President" and as "in-house counsel," both of whom state that they prepared diary entries in connection with loans made by Citizens to the debtor, and who then conclude that such entries were "prepared ... in anticipation of litigation." The affidavits are lacking in sufficient facts for the Court to reach the same conclusion. Nowhere in their affidavits, dated some two weeks after the trustee submitted his memorandum, do the affiants refute the trustee's assertion that these diaries are "regularly maintained reports kept in the course of the Bank's business." Trustee's Memorandum at 8. Documents which serve more than one purpose present special problems, and "[r]outine reports of employees, *not* primarily for purposes of legal advice nor in view of litigation, are generally conceded not to be privileged." 4 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 26.63[2.–3] (2d ed. 1983) (emphasis added).

One court, after reviewing the history of discovery practice prior to 1970, as well as the 1970 amendments to Rule 26(b)(3), concluded that

> *any* report or statement made by or to a party's agent (other than to an attorney acting in the role of counsellor), which has not been requested by nor prepared for an attorney nor which otherwise reflects the employment of an attorney's legal expertise must be conclusively presumed to have been made in the ordinary course of business and thus not within the purview of the limited privilege of new Rule 26(b)(3) and (b)(4).

*Thomas Organ Co. v. Jadranska Slobodna Plovidba,* 54 F.R.D. 367, 372 (N.D.Ill.1972). *See also Soeder v. General Dynamics Corp.,* 90 F.R.D. 253, 255 (D.Nev.1980) (in-house report prepared in ordinary course of business is "clearly discoverable ... under Rule 26(b)(1)").

■ Citizens has failed to meet its burden [4] of showing either that the diary

entries were made other than in the ordinary course of business, or that they were prepared solely or even primarily with an eye toward litigation.[5] Accordingly, we conclude that the diary entries are not protected "work product" and thus are discoverable pursuant to Fed.R.Civ.P. 26(b).

It is therefore ordered that within five days Citizens Trust Company produce the diary entries in question.

Enter judgment accordingly.

---

ing & Dry Dock Co., 68 F.R.D. 397, 410 (E.D. Va.1975).

**4.** *See* note 3 *supra.*

**5.** The affidavits submitted by Citizens are insufficient to satisfy either of these criteria.