**L.D. HALL and Linda Hall, Petitioners,**

v.

**Honorable Charles L. GOODWIN, Judge of the District Court of Custer County, State of Oklahoma, Respondent.**

No. 71411.

Supreme Court of Oklahoma.

June 6, 1989.

David L. Graven, Oklahoma City, for petitioners.

William J. Bergner, Oklahoma City, for real party in interest, Oklahoma Farmers Union Mut. Ins. Co.

ALMA WILSON, Justice:

The question before this Court concerns whether an insurance company should be compelled under the Discovery Code to produce a statement taken by its attorney during an investigation of a claim prior to that claim's denial. We find that under these facts the insurance company must produce the statement.

On March 25, 1987, a fire destroyed the Hall's (petitioners') property which was insured by the real party in interest, Oklahoma Farmers Union Mutual Insurance Company (Farmers). In their application to assume original jurisdiction, the petitioners allege that a statement was taken from Henry Bolden by Farmers' attorney on July 14, 1987. Based upon that statement, Farmers' denied the petitioners' claim on July 21, 1987. Suit was filed on February 22, 1988. In answer to its allegations of bad faith on the part of Farmers, the insurance company answered that it had probable cause to believe that the insureds were responsible for or involved with the destruction of their house by fire and that they had violated the fraud and false swearing provisions of the insurance policy.

During pretrial discovery, Farmers answered interrogatories stating that the content of Henry Bolden's statement was that Mr. Hall had hired people to burn down his house and that Bolden was with the people that burned down the house on the night that they set it afire. Farmers further stated that physical evidence obtained after the fire by the fire department and the cause-and-origin expert supported Bolden's statement. In response to a motion to produce Bolden's statement, Farmers' claimed that because the statement was taken by its attorney, the statement was work product and not discoverable unless good cause was shown. The trial court denied the petitioners' motion to compel with no explanation.

Farmers admits that this Court is authorized to assume original jurisdiction and issue writs to prevent the excessive exercise of discretion by the trial court or abuse of discretion.

The extraordinary relief of a writ of mandamus or prohibition is available under proper circumstances to order or prohibit the production of evidence prior to trial. However, before appropriate relief may be granted it must be shown that the trial court exceeded its authority or discretion in ordering or denying pretrial discovery.

*Ellison v. Gray,* 702 P.2d 360, 360 (Okla. 1985), citing *Cowen v. Hughes,* 509 P.2d 461, 464 (Okla.1973) and *Carman v. Fishel,* 418 P.2d 963, 968 (Okla.1966). Petitioners argue that all relevant authority supports their motion to compel, that the respondent judge abused his discretion when he denied the motion, and that this Court should assume original jurisdiction and grant petitioners' writ of mandamus. Farmers argues that the petitioners did not provide the trial court any factual basis supporting a motion to compel based upon a "showing of good cause" for the production of the statement made by Bolden.

Title 12 O.S.Supp.1988, § 3203 [1] contains general provisions governing discovery. Subsection B, paragraph 1, provides for obtaining discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action." [2] The petitioners claim that the document they seek falls under this provision, that the document is not privileged and is relevant to the pending action. Farmers cites subsection B, paragraph 2, which covers documents otherwise discoverable "and prepared in anticipation of litigation or for trial by or for the representative of that other party, including his attorney, consultant, surety, [or] indemnitor." [3] But the

---

**1.** 1982 Okla.Sess.Laws, ch. 198, § 3.

**2.** 12 O.S.Supp.1988, § 3203(B)(1) provides:
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any

discoverable matter. It is not a ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

**3.** 12 O.S.Supp.1988, § 3203(B)(2) provides:
Subject to the provisions of subsection B, paragraph 4 of this section, discovery may be obtained of documents and tangible things otherwise discoverable under subsection B, paragraph 1 of this section and prepared in anticipation of litigation or for trial by or for

party seeking discovery must show that he has "substantial need of the materials in the preparation of his case and that he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means."[4] The resolution of whether the petitioners should have been granted their motion to compel discovery of Bolden's statement depends upon whether the statement was prepared in anticipation of litigation.

Oklahoma cases construing § 3203 are very limited and there are none which are dispositive of the issue before us. Federal courts have addressed the issue in construing Rule 26(b)(1) and (3) of the Federal Rules of Civil Procedure.[5] Because Oklahoma obtained its discovery code from the Federal Rules of Civil Procedure, we will examine the federal cases construing Rule 26. These cases frequently refer to a "work product privilege." This Court has differentiated between "ordinary work product" consisting of factual information garnered by counsel acting in a professional capacity in anticipation of litigation, and

another party or by or for the representative of that other party, including his attorney, consultant, surety, indemnitor, only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.

A party may obtain, without the required showing provided for in this paragraph, a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused the person may move for a court order. The provisions of subsection A, paragraph 4 of Section 14 of the Discovery Code apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is:

a. A written statement signed or otherwise adopted or approved by the person making it, or

b. A stenographic, mechanical, electrial, or other recording, or a transcription thereof, which substantially recites an oral statement by the person making it and contemporaneously recorded.

4. *Id.*

5. 28 U.S.C.A.Supp.1988, Rule 26(b)(1), (3) provide:

(1) **In General.** Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The frequency or extent of use of the discovery methods set forth in subdivision (a) shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation. The court may act upon its own initiative after reasonable notice or pursuant to a motion under subdivision (c).

\* \* \* \* \* \*

(3) **Trial Preparation: Materials.** Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

"opinion work product" consisting of a lawyer's trial strategies, theories and inferences drawn from the research and investigative efforts of counsel. *Ellison*, 702 P.2d at 360. We will be examining ordinary work product since Bolton's statement is factual information. We must determine if this factual information which was taken by a lawyer was "in anticipation of litigation."

In *Binks Manufacturing Co. v. National Presto Industries*, 709 F.2d 1109 (7th Cir.1983), Presto's in-house attorney prepared memoranda after interviewing plant personnel concerning problems they were having in the installation of a manufacturing system sold to them by Binks. The Seventh Circuit Court held that the memoranda were discoverable. In reaching that conclusion, the court observed:

> It is axiomatic that in order to invoke the protection of the work product privilege, one must show that the materials sought to be protected were prepared "in anticipation of litigation...." Fed.R.Civ.P. 26(b)(3). Thus, the threshold determination in any case involving an assertion of the work product privilege, including this case, is whether the materials sought to be protected from disclosure were in fact prepared in anticipation of litigation. The mere fact that litigation does eventually ensue does not, by itself, cloak materials prepared by an attorney with the protection of the work product privilege; the privilege is not that broad.

*Binks Manufacturing Co.*, 709 F.2d at 1118. The Seventh Circuit Court quoted from *Janicker v. George Washington University*, 94 F.R.D. 648, 650 (D.D.C. 1982) finding that court's reasoning persuasive:

> The mere contingency that litigation may result is not determinative. If in connection with an accident or an event, a business entity in the ordinary course of business conducts an investigation for its own purposes, the resulting investigative report is produceable in civil pre-trial discovery. As stated in *Soeder v. General Dynamics Corp.*, 90 F.R.D. 253 (D.Nev. 1980) the distinction between whether defendant's 'in house' report was prepared in the ordinary course of business or was 'work product' in anticipation of litigation is an important one. 90 F.R.D. at 255. The fact that a defendant anticipates the contingency of litigation resulting from an accident or event does not automatically qualify an 'in house' report as work product.... A more or less routine investigation of a possibly resistable claim is not sufficient to immunize an investigative report developed in the ordinary course of business. Some recent cases have suggested the need for objective facts establishing an identifiable resolve to litigate prior to the investigative efforts resulting in the report before the work product doctrine becomes applicable. *See e.g. Fine v. Bellefonte Underwriters Insurance Co.*, 91 F.R.D. 420 (S.D.N.Y.1981); *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115 (N.D.Ga. 1972). While litigation need not be imminent, the primary motivating purpose behind the creation of a document or investigative report must be to aid in possible future litigation.

In the case of *McDougall v. Dunn*, 468 F.2d 468 (4th Cir.1972), the court held that statements given to an insurance claims adjuster shortly after an automobile accident were discoverable two and one half years later because the statements were not prepared in anticipation of litigation or for trial. The court rejected the contention that the statements were prepared in anticipation of litigation or for trial and found that they were "secured by the claim adjuster in the regular course of his duties as an employee of the insurance company and presumably were incorporated in the files of the company." *McDougall*, 468 F.2d at 473.

The Fourth Circuit Court in *McDougall* cited *Thomas Organ Co. v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367 (N.D.Ill. 1972) with approval. That facts of that case reveal that a marine surveyor was hired by the plaintiff's insurance company to investigate damage to certain cargo. The defendants requested production of two documents written by the marine sur-

veyor. The issue was whether the Federal Rules of Civil Procedure allowed for such production only if the moving party could make a showing of undue hardship, and that decision rested upon a determination as to whether the two documents were prepared in anticipation of litigation. The district court found that unlike the prior rule, the 1970 amendment to the rules made no requirement of a showing of "good cause." The court observed that even pre–1970 cases generally held that "statements or reports made by parties and their employees in the regular course of business are not work-product and should be produced for discovery when so requested by the opposing party." *Thomas Organ Co.*, 54 F.R.D. at 371. The court found that the documents were prepared in the ordinary course of business and good cause need not be shown for their production. The court further observed that if the law were as suggested by the insurance company, that is, that after a claim has arisen litigation may be deemed a contingency and therefore any document prepared thereafter is prepared in anticipation of litigation irrespective of whether an attorney *in the role of counsellor* has been consulted, hardly any document authored by or for an agent of an insurance company could ever be discoverable without meeting the requirements of Rule 26(b)(3). The nature of the business of an insurance company is to investigate an injury and potential claim and after a review of factual data underlying the claim, to determine whether or not to pay. *Thomas Organ Co.*, 54 F.R.D. at 373. The court found that Rule 26(b)(3) was not designed to insulate insurance companies from discovery merely because they always deal with potential claims as this would relieve them of a substantial portion of the obligations of discovery imposed on parties generally that are designed to aid the fact finding process and discourage gamesmanship which would reward parties for hiding or obscuring potentially significant facts. *Thomas Organ Co.*, 54 F.R.D. at 373.

■ The Oklahoma Discovery Code clearly reveals that trial preparation material or material prepared "in anticipation of litigation" cannot be discovered without a showing of substantial need of the materials and a further showing that the party seeking discovery is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. 12 O.S.Supp.1988, § 3203(B)(2). Federal Rule 26(b)(3) makes the same requirement. Both the Oklahoma and federal rules protect documents upon those grounds taken by a party's representative, including an attorney, consultant, surety, indemnitor (and the federal rule adds "or agent"). The decision to require a showing of substantial need does not rest upon whether the person taking the statement was an attorney. That fact is irrelevant to 12 O.S. Supp.1988, § 3203(B)(2). The crucial issue to a trial judge is whether the material is prepared in anticipation of litigation.[6] In order to determine whether the material is prepared in anticipation of litigation, a court must determine whether the document was secured in the regular course of duties performed by the individual as an employee of the insurance company (the ordinary course of business). In other words, is such a document typically prepared by the insurance company prior to notice of a lawsuit?[7] If the court determines that the document was prepared in the ordinary course of business then its production is to be guided by 12 O.S.Supp. 1988, § 3203(B)(1), and good cause need not be shown. Given the facts in the case at

---

6. We do not address attorney-client privilege as it is not an issue in the case at bar.

7. The party objecting to discovery must raise the objection and has the burden of establishing the existence of the privilege. *Feldman v. Pioneer Petroleum, Inc.,* 87 F.R.D. 86, 88 (W.D.Okla. 1980), *Miller v. Doctor's General Hospital,* 76 F.R.D. 136, 139 (W.D.Okla.1977); *Biliske v. American Live Stock Ins. Co.,* 73 F.R.D. 124, 126 (W.D.Okla.1977). "The burden of demonstrating that a document is protected as work-product rests with the party asserting the doctrine." *Conoco, Inc. v. United States Department of Justice,* 687 F.2d 724, 730 (3rd Cir.1982). *See also, Ferri v. United States Department of Justice,* 573 F.Supp. 852, 865 (W.D.Penn.1983), and *United States v. Willis,* 565 F.Supp. 1186, 1219 (S.D. Iowa, 1983).

bar, we find that good cause need not be shown and that the trial court erred in refusing to order that the document at issue be produced for the benefit of the petitioners.

Even if we were to assume that this document was ordinary work product, the statement at issue still would have been discoverable. The petition filed in district court alleges that Farmers was guilty of bad faith in refusing to pay the amount due under the contract. An insurer has an implied duty to deal fairly and act in good faith with its insured. Violation of that duty is actionable in tort for which consequential and, in a proper case, punitive, damages may be sought. *Christian v. American Home Assur. Co.*, 577 P.2d 899, 904 (Okla.1978). The allegation of bad faith is sufficient to sustain a good cause showing for substantial need of the statement taken by Farmers' attorney. In fact, there is no other method to precisely determine the facts upon which Farmers based its decision to deny the claim. We find that the facts stated and the allegation in the petition are sufficient showing of substantial need under 12 O.S.Supp.1988, § 3203(B)(2) that the trial court erred by refusing to order that the statement be produced for inspection by the petitioners.

Under either rationale, the statement made by Bolden must be produced for the petitioners. ORIGINAL JURISDICTION ASSUMED. WRIT OF MANDAMUS ISSUED.

HODGES, DOOLIN, KAUGER and SUMMERS, JJ., concur.

OPALA, V.C.J., concurs in part, dissents in part.

HARGRAVE, C.J., and LAVENDER and SIMMS, JJ., dissent.