Timothy McMAHON, Passenger, and
Margaret McMahon, as Next Friend of
Kelly McMahon, Passenger, Plaintiffs,

v.

EASTERN STEAMSHIP LINES, INC.,
d/b/a Eastern Cruise Lines,
Defendant.

No. 88–1386–CIV.

United States District Court,
S.D. Florida.

July 12, 1989.

Abbott Martin Herring, Jr., Houston, Tex., for plaintiffs.

David R. Canning, Miami, Fla., for defendant.

## ORDER ON DISCOVERY MATTERS

SCOTT, District Judge.

### I.

### BACKGROUND

This cause is before the Court on Plaintiffs' Motion to Compel Discovery. This is a tort action arising out of a fire onboard the cruise ship S.S. Emerald Seas. The record shows that on July 1986 a fire occurred during which all passengers were evacuated to Little Stirrup Cay, Bahamas, five hundred yards away. Kelly McMahon was treated for smoke inhalation. Plaintiff Timothy McMahon, Kelly's father, was emergency airlifted to Miami for treatment of his smoke inhalation injuries.

On July 31, 1986, Defendant, Eastern Cruise Lines, Inc., dispatched an investigation team to determine the cause and extent of the fire. This team consisted of attorneys from the firm of Fowler, White, Burnett, Hurley, Banick & Stirckroot, P.A. (an "out-of-house" fire). The Coast Guard ("CG") and the National Transportation and Safety Board ("NTSB") also conducted independent investigations.

In the instant Motion to Compel Discovery, Plaintiffs contend that they have been unable to accurately determine the cause of the fire, notwithstanding their accessibility to the CG and NTSB reports and other materials obtained during discovery. Plaintiffs assert that the CG and NTSB reports state that the Defendant destroyed or disposed of many items relevant to the investigation before anyone else could examine them. As a result, Plaintiffs contend that these government reports are incomplete. During discovery Plaintiffs sent interrogatories to Defendant, two of

which, 4(c) and 4(d), are the subject of the instant motion. Interrogatory No. 4 reads:

> Was an investigation made into this accident? If so, then please state the following:
>
>> (c) Results of the investigation.
>>
>> (d) Conclusions made as to the cause or causes of the explosion and fire.

To each of these sections Defendant answered: "Objection. Attorney Work Product.

## II.

## CONTENTIONS

Plaintiffs base their motion on two grounds: First, Defendant's investigation was conducted in the ordinary course of business and so is not privileged under Fed.R.Civ.P. 26(b)(3) as work product. Second, Plaintiffs assert their compelling need for the report. Alternatively, Plaintiffs request that the Court conduct an in camera review of the report, excise any privileged portions and produce the redacted report.

In response, Defendant asserts that Plaintiffs made certain technical pleading errors in their motion according to Local Rule 10(I)(6);[1] relied on distinguishable case law; failed to meet their burden to overcome the privilege; and targeted a report that is absolutely protected under Rule 26(b)(3). Alternatively, Defendant asserts attorney-client privilege regarding the information sought by Plaintiffs.

## III.

## LEGAL ANALYSIS

The Federal Rules allow discovery of any relevant, nonprivileged material that is admissible or reasonable calculated to lead to admissible evidence. *Id.* 26(b)(1). The scope and breadth of discovery under Rule 26 is permissive and is to be liberally construed by this Court. Wright and Miller, *Federal Practice and Procedure*, Vol. 8, pp. 15, 17. Clearly, the information contained in the requested report falls within this expansive definition. Accordingly, Defendant must produce the investigative report unless it can show that such information is privileged.

■ Defendant has interposed the privilege of work product. Work product is a common law privilege described in detail in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) and codified in Fed.R.Civ.P. 26(b)(3). The policy behind the privilege is to afford some measure of privacy to materials prepared in anticipation of litigation. The privilege only applies when the primary motivation in producing the materials is preparation for some likely litigation, whether or not a trial ultimately takes place. Materials produced "in the ordinary course of business," with other equally motivating factors, or without contemplation of litigation are not privileged. *See Goosman v. A. Duie Pyle, Inc.*, 320 F.2d 45 (4th Cir.1963), *U.S. v. Swift & Co.*, 24 F.R.D. 280, 282 (N.D.Ill.1959), *aff'd* 367 U.S. 909, 81 S.Ct. 1918, 6 L.Ed.2d 1249.

Rule 26(b)(3) allows a moving party to compel disclosure of work product only when (a) a substantial need for the information exists and (b) it would cause undue hardship to obtain the substantial equivalent of the materials by other means. The Rule also states that "when the required showing has been made, the court *shall* protect against disclosure of the mental impressions, conclusions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed.R. Civ.P. (emphasis ours). *See Board of Trustees of Leland Stanford Jr. University v. Coulter Corp.*, 118 F.R.D. 532 (S.D. Fla.1987).

■ Plaintiffs seek production of Defendant's report on its own investigation contending that the report was produced in the ordinary course of business, not primarily in anticipation of litigation. Plaintiffs contend that other equally reasonable desires

---

1. That rule requires Plaintiff to set out fully the interrogatories and answers that are the subject of a Motion to Compel Discovery. Although this Court recognizes Defendant's allegations as true, in light of the fact that Defendant was able to frame a reasonable response to Plaintiffs' motion, this Court will overlook the technical defect and address itself to the merits of Plaintiffs' motion.

motivated Defendant's preparation of its report. *See Soeder v. General Dynamics Corp.*, 90 F.R.D. 253 (D.Nev.1980). According to Plaintiffs, these other equally reasonable desires included product improvement, passenger and crew protection, personal economic gain and the avoidance of adverse publicity. *Id.* at 255. While the Court agrees that many similarities exist between the facts in the instant case and the facts in *Soeder*, the Court finds the instant case to be distinguishable.

First, the *Soeder* court repeatedly stressed the fact that defendant used in-house counsel to support its conclusion that the report was prepared in the ordinary course of business. *See also Janicker v. George Washington University*, 94 F.R.D. 648 (D.C.D.C.1982). In the instant case, however, Defendant retained out-of-house counsel to conduct the investigation.

Second, defendant in *Soeder* was a major international corporation which manufactured and sold the product that was the focus of the report sought in discovery. As a result, defendant in *Soeder*, as a manufacturer, was concerned with the ongoing structural integrity of its product. Any long-term defects in its product would surely result in substantial economic loss to defendant. In the instant case, however, Defendant does not manufacture the product that is the focus of the investigation. As a result, Defendant in the instant case is not as concerned with its ability to profitably sell the subject vessel in the stream of commerce. Accordingly, the factors which led the *Soeder* court to determine that the report was prepared in the ordinary course of business, do not apply to the same extent in the instant case.

In support of its position, Defendant contends that our society forces a prudent party to prepare its case at the first signs of prospective litigation. Acting on a belief that inconvenienced passengers, especially those emergency airlifted to Miami for medical treatment, would likely bring suit, Defendant immediately hired outside counsel to investigate the fire. The deposition of Mr. Reinhart, who ordered the investiga-

tion for Defendant, testified that the report was not conducted in the ordinary course of business. Defendant asserts that this was the first fire onboard the S.S. Emerald Seas, and claims that its sole purpose in preparing a report on this extraordinary event was for reasonably anticipated litigation. This Court agrees and finds the report to be privileged work product.

Although the Court agrees with Defendant's position that the report is privileged work product, it rejects Defendant's unreasonable assertion that it had no other considerations in conducting the investigation. The Court notes that Defendant is engaged in a multi-million dollar industry and that their reputation for the safety of the S.S. Emerald Seas and their future economic interests, as well as consumer confidence, could be seriously damaged in adverse publicity concerning this incident. Nevertheless, the Court believes that Defendant's primary motivating factor in preparing the report was anticipation of litigation.

█ Having determined that Defendant's report is privileged, the Court must next consider whether Plaintiffs have alleged sufficient facts to overcome the privilege, pursuant to the two-prong test set forth in Rule 26(b)(3). Plaintiffs allege in a conclusory and unsubstantiated manner that they will be unable to accurately determine the cause of the fire without the benefit of Defendant's report. Therefore, according to Plaintiffs, they have a substantial need for the disclosure of the information sought. Plaintiffs, however, fail to particularize how compelling answers to interrogatories 4(c) and 4(d) would be dispositive on this point. In fact, they do not allege how this report would be helpful to their position in any way. As a result, Plaintiffs' conclusory allegations, standing alone, will not support its Motion to Compel Discovery.

Additionally, this Court notes that Plaintiffs have not even attempted to argue that similar information could not be obtained elsewhere, or that to do so would constitute an undue hardship.[2] Accordingly, Plain-

---

2. The Court notes that Plaintiffs have not even     attempted to conduct their own investigation.

tiffs' failure to even address the second prong of the 26(b)(3) test is equally fatal to its position.

## IV.

### CONCLUSION

Based upon the foregoing analysis, it is ORDERED and ADJUDGED as follows:

1. Plaintiffs Motion to Compel Responses to interrogatories 4(c) and 4(d) is DENIED without prejudice. Plaintiffs may renew their motion upon good cause shown.

2. All prior orders of the Court remain in full force and effect.

DONE and ORDERED.