1998 OK 9

Barbara E. FLOYD, Petitioner,

v.

Honorable Carolyn R. RICKS, Judge of the District Court of Oklahoma County, Respondent (Two Cases).

Barbara E. FLOYD, Appellant,

v.

GEICO INDEMNITY COMPANY, Appellee,

and

George C. Schroeder, Third Party Defendant.

Nos. 89588, 89865 and 89987.

Supreme Court of Oklahoma.

Jan. 27, 1998.

Scott A. McArdle, Edmond, for Appellant/Petitioner.

Chris Harper, Timothy E. Lurtz, Paige Lee, Oklahoma City, for Appellee/Real Party in Interest.

ALMA WILSON, Justice:

¶1 The appellant/petitioner ("plaintiff") in these cases was involved in an automobile accident. Plaintiff had slight damage to her vehicle and her medical expenses were approximately $900.00. Plaintiff concluded that there was no insurance coverage available from the other driver because she claimed that the driver's actions in hitting her car were intentional and not negligent. Plaintiff then made a claim on her uninsured motorist insurance policy, which was denied by the insurance company ("Geico"). Up to this point in time, plaintiff has been unable to procure the alleged tortfeasor's liability policy to determine whether coverage is excluded for his intentional acts.

¶2 After denial of her claim, plaintiff filed the present suit in the district court against Geico, alleging breach of contract and bad faith breach of contract for failure to pay her claim. At the same time that plaintiff filed her lawsuit, on April 3, 1997, plaintiff sent interrogatories and document requests to Geico. Geico basically objected to every discovery request, contending that the information was privileged and non-discoverable in this frivolous action.

¶3 On May 1, 1997, plaintiff filed a deposition notice, seeking to depose the claims adjuster for Geico. Plaintiff also filed a motion to compel discovery. Geico filed a motion to quash the deposition notice, alleging that it should not have to be subject to discovery because the lawsuit was frivolous. Geico contends the lawsuit is frivolous because the alleged tortfeasor has insurance available in the amount of $500,000.00, and plaintiff's damages are significantly less than that.

¶4 The respondent judge denied plaintiff's motion to compel and granted Geico's

motion to quash, thus effectively depriving the plaintiff of any discovery at all in this matter. At the time that the respondent judge effectively precluded the plaintiff from engaging in *any* discovery, there was no dispositive motion pending. Geico filed a motion for summary judgment shortly after plaintiff filed her first original action in this Court.

¶5 Plaintiff filed her first original action here in *Floyd v. Honorable Ricks,* case no. 89,588, contending that the trial judge abused her discretion in failing to enforce the Discovery Code and require Geico to participate in discovery. We agreed with the plaintiff, and on July 9, 1997, issued the following order:

> Original jurisdiction is assumed. Okla. Const. Art 7 § 4. A party may proceed against an underinsured/uninsured motorist carrier without first adjudicating liability against the tortfeasor *Buzzard v. Farmers Insurance Company, Inc.* 1991 OK 127, 824 P.2d 1105. Plaintiff's discovery requests include that which is discoverable. *Hall v. Goodwin,* 1989 OK 88, 775 P.2d 291. A writ of mandamus is hereby issued to the respondent judge of the District Court, or any other assigned judge in *Barbara E. Floyd v. Geico Indemnity Company,* et al., Cause No. CJ–97–2267–67, District Court of Oklahoma County, and respondent judge is directed to allow Plaintiff's discovery requests, as authorized by the opinions of this Court, prior to adjudication of any pending motion for dismissal or summary judgment filed by the Defendant.

¶6 After this July 9, 1997, order was issued, plaintiff tried to set depositions and receive responses to pending discovery requests, but was unable to achieve any discovery. In her response to Geico's motion for summary judgment, plaintiff alleged that there were material disputed facts which precluded summary judgment, including whether the other driver was insured. Plaintiff also requested that she be allowed to conduct discovery before a ruling is made on the motion for summary judgment, as ordered by the Supreme Court.

¶7 The respondent judge ignored our July 9, 1997, order and granted summary judgment for defendant Geico in an order signed and filed on August 7, 1997, without permitting or compelling discovery.

¶8 On the same day that the summary judgment was filed, plaintiff brought her second original action in this matter (case no. 89,865), seeking an order to prevent the judge from filing the summary judgment (the judgment had already been pronounced). When plaintiff learned that the judgment had been filed, she amended her request in this second original action to a request that we enforce our July 9, 1997, order. Plaintiff also filed an appeal of the summary judgment in case no. 89,897. Meanwhile, Geico filed a petition for rehearing in the first original action and plaintiff filed a motion for an attorney's fee. After the summary judgment was entered, Geico filed a motion to withdraw the petition for rehearing.

¶9 We retained the appeal and now decide all three cases. For the reasons discussed below, we (1) deny Geico's petition for rehearing filed in case no. 89,588, and deny plaintiff's motion for an attorney's fee, (2) assume original jurisdiction in case no. 89,865 and direct the respondent judge to obey our July 9, 1997, order and (3) in appeal no. 89,987, reverse the summary judgment and remand for further proceedings consistent with this opinion.

¶10 Although Geico sought to withdraw its petition for rehearing, filed in the first original action (case no. 89,588), believing it to be moot after the summary judgment was entered, our disposition of the second original action and the appeal show that the matter is not moot. The petition for rehearing is denied. Geico presents no new arguments in support of rehearing that would require a change in our July 9th order.

¶11 In the first original action, plaintiff has also filed a motion for an attorney's fee. An attorney's fee may be assessed in an original action *against the party bringing the action* as a sanction for bad faith conduct. Rule 1.191(j) of the Oklahoma Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App. 1. Geico was not the party bringing

the original action, and this rule does not apply in this case. 12 O.S. Supp.1997, § 995.

¶ 12 We will assume original jurisdiction and issue a writ of mandamus to enforce a previous order of this Court. *Chronic Pain Associates, Inc. v. Bubenik,* 1994 OK 1358, 885 P.2d 1358, 1362. This Court's July 9th order imposed a duty on the district judge to allow and compel discovery before ruling on a motion for summary judgment. When this Court's order was disobeyed, the judge failed to perform a required duty, and thus mandamus is appropriate.

¶ 13 Likewise, the summary judgment should be reversed on appeal because we had already determined that appellant was entitled to conduct discovery before summary disposition of the case was even considered. This determination is supported by Rule 13(d) of the Rules for the District Courts, 12 O.S. Supp.1997, Ch. 2, App. 1, which provides that "[s]hould it appear from an affidavit of a party opposing the motion that he cannot for reasons stated present facts essential to justify his opposition, the court may deny the motion for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

¶ 14 In this breach of contract and bad faith case, the only document that Geico produced was the plaintiff's insurance policy, which was only one of many discoverable documents plaintiff had requested. *Hall v. Goodwin,* 1989 OK 88, 775 P.2d 291. Additionally, plaintiff had been likewise frustrated in her attempts to take any depositions. There is nothing in the discovery code which permits a defendant to refuse all discovery requests on the ground that the lawsuit is "frivolous." The district judge abused her discretion in denying discovery to the plaintiff.

¶ 15 Further, summary judgment was not appropriate at this stage of the litigation in this case, even in the absence of our July 9th order. In reviewing the grant or denial of summary judgment, this Court will examine the pleadings and evidentiary materials to determine what facts are materi-

al and to determine whether there is a substantial controversy as to one material fact. If there is a substantial controversy as to a material fact, the grant of summary judgment is improper. *Ross v. City of Shawnee,* 1984 OK 43, 683 P.2d 535, *Flanders v. Crane Co.,* 1984 OK 88, 693 P.2d 602, *First State Bank v. Diamond Plastics,* 1995 OK 21, 891 P.2d 1262. The response to the motion for summary judgment demonstrated the existence of a substantial controversy as to several material facts, such as whether the other driver's insurance was available to pay plaintiff's claim under the circumstances, and whether Geico's refusal to pay plaintiff's claim was in bad faith. *McCoy v. Oklahoma Farm Bureau Mutual Insurance Co.,* 1992 OK 43, 841 P.2d 568. Thus, respondent judge erred in granting summary judgment at this stage of the litigation.

¶ 16 CASE NO. 89,588 DEFENDANT'S PETITION FOR REHEARING AND PLAINTIFF'S MOTION FOR AN ATTORNEY'S FEE ARE BOTH DENIED.

¶ 17 CASE NO. 89,865 APPLICATION TO ASSUME ORIGINAL JURISDICTION IS GRANTED AND WRIT OF MANDAMUS ISSUED DIRECTING RESPONDENT JUDGE TO COMPLY WITH THIS COURT'S JULY 9, 1997, ORDER ISSUED IN FLOYD V. RICKS, CASE NO.89,588.

¶ 18 CASE NO. 89,987 SUMMARY JUDGMENT FILED ON AUGUST 7, 1997, IS REVERSED, AND THIS CAUSE IS REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.

¶ 19 KAUGER, C.J., SUMMERS, V.C.J., and HODGES, LAVENDER, OPALA and WATT, JJ., concur.

¶ 20 SIMMS and HARGRAVE, JJ., dissent.