ECKELS v. KROBER et al.

No. 32250. May 27, 1947.

*181 P. 2d 268.*

Roger L. Stephans and Paul Brown, both of Oklahoma City, for plaintiff in error.

Adams & Adams, of Guthrie, and H. L. Fogg and A. Francis Porta, both of El Reno, for defendants in error.

WELCH, J. R. E. Eckels instituted this action to quiet title to real estate. Plaintiff deraigned title through a certain resale tax deed. Defendants, heirs of J. P. Roush, deceased, the record owner of the land at date of resale, filed answer and cross-petition alleging several irregularities in the proceedings leading up to the resale and prayed judgment for cancellation of the resale tax deed.

Judgment was entered in favor of defendants, and plaintiff appeals.

No findings of fact were requested. The trial court made a general finding that the resale deed was invalid and should be canceled for the reasons set forth in defendants' cross-petition. At the trial defendants contended that no sufficient notice of resale was given. Ample tender of delinquent taxes and penalties, and payment of same into court was stipulated. Plaintiff in this appeal presents several propositions in the negative of the contentions of defendants.

As we view it the rights of the parties hinge on the question of sufficiency of the notice of resale. Defendants contend the notice is insufficient in that the property was so referred to and described and the classification of this with other properties so arranged and printed as to be confusing and misleading to the extent of invalidity.

In propositions 3, 4, and 5 plaintiff states that the name of J. R. Roush in the treasurer's notice instead of the name J. P. Roush did not render the notice a nullity; that the classification or description of property in the notice of resale as published was not misleading; that the fact that the notice gave an incorrect date of the original sale to the county was of no consequence.

The land here involved was sold at annual sale beginning on November 4, 1940. The land was not included in the annual sale of November, 1939.

The notice of resale begins with a formal notice as prescribed by statute and thereunder in a subhead in bold-faced type are the words "Original City of El Reno," followed by a single column of town lot descriptions in smaller print without paragraph indentation between each separate description. Thereafter at a paragraph indentation in the column of small print and appearing in bold-faced type are the words "Boynton Heights No. 1" (obviously, and admittedly referring to an addition to the city of El Reno), followed in small type by town lots descriptions, and thereafter without change of type size, indentation, paragraph space or further subhead appears the listing of the lands here involved, as follows:

"Lots 3-4, sec. 1-14-5, J. R. Roush, sold 11-4-39, adval. 1939-42_____107.14."

Thus the description of this rural tract of approximately 80 acres is definitely confused with a list of town lots. While a checking of the published notice with minute care would have disclosed this description to refer to the rural lands involved, the arrangement and publication was such as might well have misled an owner or prospective purchaser checking the notice with ordinary care. At least we cannot say the converse is true as a matter of law, in view of the general findings of the court.

The land description is erroneous as to the owner's name in that the middle initial is shown "R" instead of "P," and this description of rural land described as lots of a section should not have been so included with town lots described as lots of blocks, all under the bold type heading "Boynton Heights No. 1."

As said in Kasner v. Stanmire, 195 Okla. 80, 155 P. 2d 230:

"The description of the land is sufficient if the contents of the notice will enable the owner and prospective purchasers to identify and locate the land with substantial certainty, and the purpose of the notice is to warn the owner that his property is to be sold so that he can prevent sale by paying his taxes and to advise prospective purchasers so

that they can investigate the property and determine whether they want to bid. Chamberlain v. Davis, 191 Okla. 457, 130 P. 2d 848."

It is observed that the resale notice states the land was sold at delinquent tax sale in November, 1939, when in fact the delinquent sale was in November, 1940, and that the notice states the name J. R. Roush when the owner as shown by the tax rolls was J. P. Roush.

It has been held that the mere failure to recite the exact time of the original sale does not as a matter of law render the notice of resale invalid. Henshaw v. Morris, 189 Okla. 603, 119 P. 2d 85, and Chamberlain v. Davis, supra. It has also been held that a notice of resale stating a name incorrectly, but similar to the name of the owner appearing on the tax rolls, in the absence of other facts calculated to mislead, would not of itself render a notice invalid. King v. Slepka, 194 Okla. 11, 146 P. 2d 1002.

It is obvious that the owner's name is an element of identity of a particular tract of land when the land and name of the owner are listed together, and the date when the particular tract was sold at annual delinquent tax sale is also an element of identity of the tract. Although an inaccuracy in such matters appears in a notice of resale, under curative provisions of the statute, such an irregularity would not in itself invalidate the notice, nevertheless such facts are to be considered in connection with an examination of the notice as a whole in determining whether such notice is in substantial compliance with the statute.

In Kasner v. Stanmire, supra, in the second paragraph of the syllabus it is said:

"In a notice of resale of land pre-scribed by 68 O. S. 1941 § 432b, the description of the land is sufficient if the notice as a whole will enable the owner and prospective purchasers to become informed that certain land is to be sold and enable them to identify and locate the land with substantial certainty. In determining such matters a fact question may be involved and the trial court's determination in that respect will not be disturbed by this court unless clearly against the weight of the evidence."

The expression "Lots 3-4, sec. 1-14-5" might be a clear and correct description of the property involved if the township and range were more accurately set forth, and if there was no confusing of such description with town lots. However, this description appearing in the notice under the subhead "Boynton Heights No. 1" and under a list of town lots each described by lot number and block number might be calculated to mislead the owner or prospective purchaser as to the particular property being sold, and especially in view of the inaccuracy in the name of the owner and as to the date the land sold at annual delinquent sale.

The general finding of the trial court herein that the resale tax deed was void for the reasons set forth in defendants' cross-petition is, under the issues presented by the pleadings and the evidence, in effect a finding that the notice of resale failed to substantially comply with the statute. This finding is supported by the evidence and not against the clear weight thereof and will be affirmed. In the absence of valid notice of sale, the sale must fail.

It is unnecessary to decide points presented in reference to other attacks upon the deed.

The judgment is affirmed.