**In re IMPERIAL CORPORATION OF AMERICA, Related Litigation.**

**Ronald L. DURKIN, Trustee of the Benchmark Irrevocable, Trust, Plaintiff,**

v.

**Rodney B. SHIELDS, et al., Defendants.**

**No. 92–1003–IEG(LSP).**

United States District Court, S.D. California.

July 31, 1997.

476

Michael H. Weiss, Weiss, Scolney, Spees, Danker and Kop, Los Angeles, CA, Francis J. Burke, Jr., Bennett Evan Cooper, Steptoe & Johnson, LLP, Phoenix, AZ, Patrick A. McCormick, Jr., McCormick & Cannon, San Diego, CA, for plaintiff. Ronald L. Durkin, Trustee of Benchmark Irrevocable Trust.

James P. Hill, Sullivan Hill Lewin Rez Engle and Labazzo, San Diego, CA, for Rodney B. Shields, Three Bridges Inv. Group, Max Grill, William Steiner, Sonem Partners, Milberg, Weiss, Bershad, Specthrie & lerach, William S. Lerach, Keith F. Park, Helen J. Hodges, Alan Schulman, Greenfield & Chimicles, Richard D. Greenfield, Frances J. Firana, Kevin P. Roddy.

Michael P. Castellaneta, John D. Klinedinst, Douglas A. Pettit, Klinedinst Fliehman and McKilop, San Diego, CA, Susan EH Ragsdale, Law Offices of Susan EH Ragsdale, San Diego, CA, for Barrack Rodos and Bacine, Leonard Barrack, Edward M. Gergosian.

Michael P. Castellaneta, John D. Klinedinst, Douglas A. Pettit, Klinedinst Fliehman and McKilop, San Diego, CA, Susan EH Ragsdale, Law Offices of Susan EH Ragsdale, San Diego, CA, Vincent E. Nowak, David Mullin, Mullin Hoard and Brown, Amarillo, TX, Jonathan S. Miller, Mullin Hoard and Brown, Lubbock, TX, for Douglas J. Campion.

## ORDER REGARDING PRIVILEGE LOGS

PAPAS, United State Magistrate Judge.

On June 26, 1997, this court granted in part and denied in part defendant Shea & Gould's Motion to Compel Compliance With Subpoenas. The court's order of that date indicates that "as to all documents to which a privilege is claimed, a privilege log consistent with *Miller v. Pancucci* [ (141 F.R.D. 292 (C.D.Cal.1992)) ] must be prepared." However, the court allowed plaintiffs to submit authority to the court proposing an alternative approach to the production of documents ordered. The court also allowed Shea & Gould to respond. On June 27, 1997, the court received plaintiffs' letter brief on the subject which argues that the itemization in *Miller* should not be followed. On July 3, 1997, the court received a letter brief from Robert W. Brownlie, one of the attorneys for Shea & Gould, in opposition.

The plaintiffs argue the court should not require them to produce a document-by-document privilege log. Rather, it should allow plaintiffs to assert privilege and work-product protections on a categorical basis. Plaintiffs believe that this position is warranted in this instance because many of the documents sought by Shea & Gould were created during the course of this litigation during and after the time the firm was actively representing a party in this case. Therefore, to force plaintiffs to produce a privilege log consistent with the detail and specificity required by *Miller* would unnecessarily intrude into and/or disclose plaintiffs' counsels' thoughts, impressions, opinions, strategies and advice regarding various aspects of this litigation.

Shea & Gould, on the other hand, argues that practice in this circuit requires a document-by-document privilege log be produced if requested documents are being withheld on the basis of privilege or work product. Shea & Gould asserts that unless a document-by-document privilege log is provided for every document for which plaintiffs claim a privilege, plaintiffs will fail to make a prima facie showing that a privilege or work-product protection protects the information that plaintiffs seek to withhold. Moreover, Shea & Gould contend that courts in this circuit

have required the production of document-by-document privilege log regardless of the number of documents involved.

Federal Rule of Civil Procedure 26(b)(5) states:

**Claims of Privilege or Protection of Trial Preparation Materials.** When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

■■■■ As indicated in Fed.R.Civ.Pro. 26(b)(5), when information is withheld on the basis of privilege or work-product protection, the withholding party must expressly claim the privilege and describe the nature of the documents or communications not disclosed in a manner that will enable other parties to assess the applicability of the privilege or protection. Failure to do so may constitute an "implied" waiver of the privilege or protection. *Clarke v. American Commerce National Bank*, 974 F.2d 127, 129 (9th Cir.1992) citing *U.S. v. El Paso Co.*, 682 F.2d 530, 541–42 (5th Cir.1982) *cert.denied* 466 U.S. 944, 104 S.Ct. 1927, 80 L.Ed.2d 473 (1984). Courts in this circuit have also held that where hundreds of documents are requested, "blanket objections" to production based on privilege and/or work product are improper. Therefore, any privilege objection should be specific with respect to documents or other communications. "Although it may be time-consuming to specifically assert the attorney-client privilege in a document intensive litigation ... courts nevertheless clearly require such specific identification." *Eureka Financial Corporation v. Hartford Accident and Indemnity Company*, 136 F.R.D. 179, 182–83 (E.D.Cal.1991).

Litigants who seek to withhold documents often satisfy their obligation to specify the basis for their privilege and/or work product objections by preparing a document-by-document privilege log. This document assigns a number to each withheld document, describes each document in general terms, and states a basis for the privilege objection. *Miller v. Pancucci, supra; McCaugherty v. Siffermann*, 132 F.R.D. 234 (N.D.Cal.1990); *Dole v. Milonas*, 889 F.2d 885, 890 (9th Cir. 1989).

However, no where in Fed.R.Civ.Pro. 26(b)(5) is it mandated that a document-by-document privilege log is required, if a party seeks to withhold documents based on privilege or work product. In fact, the Advisory Committee Notes following Rule 26 indicate that a document-by-document privilege log is *not* required in certain circumstances. The Advisory Committee Notes state, in pertinent part:

The rule [Fed.R.Civ.Pro. 26(b)(5)] does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be *unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories* .... (emphasis added)

The Ninth Circuit has also stated that while the party asserting the privilege must make a prima facie showing that the privilege protects the information it intends to withhold, a privilege log is one of a number of ways in which a party may sufficiently establish the privilege. *In re Grand Jury Investigation*, 974 F.2d 1068 (9th Cir.1992).

Plaintiffs cite to the case of *SEC v. Thrasher*, 1996 WL 125661 (S.D.N.Y.1996), which faced a similar problem that the court discusses here. In *Thrasher*, the SEC requested that a defendant produce "all documents reflecting contacts between his attorneys and those of other defendants in connection with (that litigation)." The defendant objected to the SEC's request and refused to provide a detailed privilege log identifying each of the documents he sought to withhold. The court held that while a privilege log identifies each document sought to be withheld, "courts retain some discretion to permit less detailed dis-

closure in appropriate cases." *Id.* at *1. The court also held that ". . . in appropriate circumstances, the court may permit the holder of withheld documents to provide summaries of the documents *by category* or otherwise limit the extent of his disclosure." (emphasis added) *Id.* at *1. The *Thrasher* court reasoned that:

> This would certainly be the case if (a) a document-by-document listing would be unduly burdensome and (b) the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing whether the privilege claim is well grounded See Fed.R.Civ.P. 26(b)(5) . . .

*Id.* at *1.

The *Thrasher* court went on to suggest that the following information should be provided in a log which indicates documents withheld in a categorical fashion:

(1) an identification of the time period encompassed by the withheld documents;

(2) a listing of the persons who were authors, addressees, recipients, or who received copies of the documents;

(3) a representation by counsel as to whether all of the documents either (a) were prepared to assist in anticipated or pending litigation, or (b) contain information reflecting communications between (i) counsel or counsel's representatives and (ii) the client or the client's representatives, for the purpose of facilitating the rendition of legal services to the client.

*Id.* at *2.

In this case, Shea & Gould seeks production of all documents between plaintiffs' various counsels and plaintiffs themselves concerning this lawsuit. Ordinarily, such a request seeks production of documents protected from discovery by the attorney-client privilege, work-product protection and/or joint prosecution privilege. Plaintiffs suggest that not only would preparation of a document-by-document privilege log be an expensive and onerous task, but that disclo-

sure of the pattern of their counsels' consultations and communications might reveal aspects of their litigation strategy.

Shea & Gould, on the other hand, merely states that a document-by-document privilege log would provide a document by which a privilege-asserting party can lay an evidentiary foundation to support the claim of privilege and by which a party may challenge such a claim. Shea & Gould also suggests that the law of this circuit requires production of a document-by-document privilege log for withheld documents.

■  This court recognizes that one method of identifying documents to which claims of attorney-client privilege or work product are asserted is a document-by-document log. That format has been, undoubtedly will, and should remain, the traditional format. However, that paradigm is not rigid and inflexible. Just as in other areas of the law, cases and the rules themselves recognize that there are circumstances in which other solutions or approaches are also appropriate. This is one.

■  There is little dispute that most of the documents sought through the present subpoenas of Shea & Gould were created during the course of this and related litigation,[1] or before the initiation of this litigation when the subpoenaed firms were representing plaintiffs in anticipation of this and related litigation.

Inasmuch as the representation of plaintiffs began in or about January 1994, that means that at least three years of litigation has ensued and related documents have been generated in a case involving multiple parties (approximately 50), law firms (approximately 20) and hundreds of thousands, if not millions, of documents. While not all the documents subject to the subpoenas were created by plaintiffs or their counsel as part of this litigation, dealing with the various parties and their counsel about those documents and the multitude of motions, hearings, discovery matters and normal correspondence as a re-

---

**1.**  The related litigation referred to here includes, but is not limited to, *Imperial Corp. v. Thygerson, et al.,  Three Bridges Investment Group v. Fabriano, et al.,  Grill v. Thygerson, et al.,  Steiner v.* *Fabriano, et al., Sonem Partners v. Fabriano, et al., Milken* Multi–District Litigation, *In re Imperial Corp. of America* bankruptcy litigation, and *Drexel, Burnham, Lambert* bankruptcy litigation.

sult of the litigation required the creation of a mass of papers that are within the literal meaning and scope of the subpoenas. However, it would be foolish to believe that very many of those documents would be other than protected by the attorney-client privilege or work product. To force the creation of a document-by-document privilege log of documents of that magnitude is unreasonable and overly burdensome.

As previously identified, the Ninth Circuit has stated that a document-by-document privilege log is one of a number of ways in which a party may sufficiently establish a privilege. *In re Grand Jury Investigation, supra.* Moreover, Fed.R.Civ.Pro. 26(b)(5) does not require the production of a document-by-document privilege log. In fact, when the legislature enacted Fed.R.Civ.Pro. 26(b)(5), it expressly recognized that there are circumstances in which a document-by-document privilege log would be unduly burdensome and inappropriate.

As a result, the court adopts a modified approach to that taken by the court in *Thrasher, supra.* Plaintiffs' counsel shall therefore produce a privilege log as to documents for which a privilege or protection is claimed; that contains the following information:

1. An aggregate listing of the numbers of the withheld documents;

2. An identification of the time periods encompassed by the withheld documents;

3. An affidavit containing the representation(s) that:

  (a) the withheld documents were:

    (1) either prepared to assist in anticipated or pending litigation, or

    (2) contain information reflecting communications between

      (i) counsels or counsels' representatives, and

      (ii) plaintiffs or plaintiffs' representatives, for the purpose of facilitating the rendition of legal services to plaintiffs; and,

  (b) intended to be confidential communications.

This order is without prejudice to further relief pursuant to FED.R.CIV.PRO. 26(c) and 37(a)(4)(C).

This privilege log shall be produced by plaintiffs on or before *August 8, 1997.*

The court's Order, filed June 26, 1997, is hereby modified to be consistent with this Order.

IT IS SO ORDERED.