2005 OK 84

Martin SCOTT and Cynthia Scott, Petitioners,

v.

The Honorable David L. PETERSON, Judge of the District Court of Tulsa County, Fourteenth Judicial District, State of Oklahoma, Respondent.

No. 101,869.

Supreme Court of Oklahoma.

Nov. 22, 2005.

Matthew B. Free, Angela L. Smoot, Best & Sharp, Tulsa, OK, for Petitioners.

Gregory D. Nellis, Marthanda J. Beckworth, Galen Brittingham, Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, Tulsa, OK, for Real Party in Interest.

EDMONDSON, J.

¶ 1 One party to this discovery dispute claims that an insurer's claim file is discoverable by a third party and the other party claims a privilege and exemption from discovery. We assume original jurisdiction. We explain that the party objecting to discovery did not satisfy its burden to show a privilege or exemption from discovery, and upon that party's failure to present facts sufficient to adjudicate the privilege and exemption, the District Court was required to order that party to file a privilege log and the documents under seal. We direct the District Court to vacate its orders denying production of the claims file, and we direct that court to require the party to file a privilege log and the documents under seal before adjudicating the claimed privilege and exemption from discovery.

¶ 2 The Scotts contracted with Perfection Roofing, Inc., (Perfection) to replace the roof on their home. Their home suffered water damage during the roofing process, and in 2001 Perfection notified its liability insurer National American Insurance Company (NAICO) of the damage. In 2003 the Scotts filed an action in the District Court of Tulsa County against Perfection for alleged negligence in protecting the residence from damage during the roofing process. The Scotts served a subpoena duces tecum on NAICO to obtain the file maintained by NAICO on Perfection's 2001 claim for payment to the Scotts.

¶ 3 Perfection and NAICO sought a protective order and argued that the NAICO file was prepared in anticipation of litigation or for trial, and that the Scotts were required to show that they had a substantial need for the file and that they were otherwise unable to obtain the information without undue hardship.[1] Perfection also argued that NAICO's status as an indemnitor made the claims file not discoverable until the Scotts performed the § 3226(B)(2) showing.

¶ 4 Perfection also used the fact that the Scotts were non-parties to the insurance contract between NAICO and Perfection. The essence of its work-product argument was that when a stranger to an insurance contract seeks the insurer's claim file all the information therein necessarily changes from ordinary-course-of-business information (usually discoverable) to prepared-in-anticipation-of-litigation information (discoverable upon a required showing by the party seeking discovery).[2] Perfection also argued that the file was not discoverable because of the nature of

---

**1.** Perfection relied upon 12 O.S.2001 § 3226(B)(2):

2. TRIAL PREPARATION: MATERIALS. Subject to the provisions of paragraph 3 of this subsection, discovery may be obtained of documents and tangible things otherwise discoverable under paragraph 1 of this subsection and prepared in anticipation of litigation or for trial by or for another party or by or for the representative of that other party, including his attorney, consultant, surety, indemnitor, only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. In order-

ing discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.

**2.** *See, e.g., Heffron v. District Court Oklahoma County,* 2003 OK 75, ¶¶ 20–21, 77 P.3d 1069, 1078 1079, (explaining *Hall v. Goodwin,* 1989 OK 88, 775 P.2d 291, and its discussion whether the document at issue was secured by the insurer (or its employee) in anticipation of litigation and protected by a qualified work product privilege, or whether the document was prepared merely in the ordinary or regular course of business).

the relationship between Perfection and NAICO. Specifically, it is asserted that NAICO's status as Perfection's liability insurance carrier, requiring it to provide Perfection with a defense in the event that Perfection was sued, made the information not discoverable.

¶5 The Scotts filed an objection to the motion for a protective order and argued that the initial procedural burden is upon the person resisting discovery to show that the information or items sought are protected from discovery. The Scotts argued that Perfection must provide some evidentiary support for its argument that the claims file, or matters contained therein, are privileged, and that Perfection had failed to satisfy this burden. The Scotts also filed a motion to compel Perfection/NAICO to produce the claims file. The District Court denied the Scotts' motion to compel and granted Perfection/NAICO's motion for a protective order. The Scotts sought an extraordinary writ from this Court to direct the District Court to require production of the claims file.

¶6 Parties may obtain discovery of any matter not privileged, which is relevant to the subject matter involved in a pending action, whether it relates to a claim or defense of the party seeking discovery. 12 O.S.2001 § 3226(A). The Scotts seek discov-ery of the claims file of non-party NAICO. Perfection claims that the entire claims file is privileged because NAICO is its liability insurer with a duty to defend Perfection. This is a claim of attorney-client privilege. *See, e.g.,* Annot. "Insured–Insurer Communications as Privileged," 55 A.L.R.4th 336, 1987 WL 419548 (1987), 3 Leo H. Whinery, *Oklahoma Evidence, Commentary on the Law of Evidence,* 54–59, §§ 36.05 –36.07 (2nd ed.2000).

■ ¶7 Generally, the mere status of an attorney-client relationship does not make every communication between attorney and client protected by the privilege. *See, e.g., Hurt v. State,* 1956 OK CR 88, 303 P.2d 476, 481 (when only a part of a communication between attorney and client is privileged and if the privileged and unprivileged parts may be safely separated, then the privileged matter only will be excluded). *Assuming,* but not deciding, that the Perfection–NAICO relationship is an attorney-client relationship for certain purposes, Perfection's blanket assertion of the privilege for the entire claims file is not supported by either facts or authority showing that the communications in the file are of such nature that *all* would qualify as privileged pursuant to 12 O.S.Supp.2002 § 2502.[3] Consequently, Per-

---

**3.** 12 O.S.Supp.2002 § 2502:

Attorney–Client Privilege

A. As used in this section:

1. An "attorney" is a person authorized, or reasonably believed by the client to be authorized, to engage in the practice of law in any state or nation;

2. A "client" is a person, public officer, or corporation, association, or other organization or entity, either public or private, who consults an attorney with a view towards obtaining legal services or is rendered professional legal services by an attorney;

3. A "representative of an attorney" is one employed by the attorney to assist the attorney in the rendition of professional legal services;

4. A "representative of the client" is one having authority to obtain professional legal services, or to act on advice rendered pursuant thereto, on behalf of the client; and

5. A communication is "confidential" if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication.

B. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client:

1. Between the client or a representative of the client and the client's attorney or a representative of the attorney;

2. Between the attorney and a representative of the attorney;

3. By the client or a representative of the client or the client's attorney or a representative of the attorney to an attorney or a representative of an attorney representing another party in a pending action and concerning a matter of common interest therein;

4. Between representatives of the client or between the client and a representative of the client; or

5. Among attorneys and their representatives representing the same client.

C. The privilege may be claimed by the client, the client's guardian or conservator, the personal representative of a deceased client, or the successor, trustee, or similar representative of a corporation, association, or other organization, whether or not in existence. The person who was the

fection must show that *particular* documents in the claims file are privileged, and this it did not do.

■ ¶ 8 Perfection claimed exemption from discovery invoking the work product doctrine. This claim requires distinguishing between (1) communications and things prepared in anticipation of litigation or for trial by or for another party or by or for the representative of that other party, etc., that *may* be discoverable and (2) the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation, of which a court shall protect against disclosure. 12 O.S.2001 § 3226(B)(2). Ordinary work product prepared in anticipation of litigation or trial is discoverable if the party seeking the materials makes the required showing, but opinion work product prepared in anticipation of litigation or for trial is not discoverable except in extraordinary circumstances. *Ellison v. Gray*, 1985 OK 35, 702 P.2d 360, 363; 12 O.S.2001 § 3226(B)(2).

¶ 9 Perfection bears the initial burden of showing that the specific communications in the claims file, either individually, or as a class, are (1) prepared in anticipation of litigation or for trial, etc. or (2) not discoverable as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation. 12 O.S.2001 § 3226(B)(4).[4] *Accord Hurt v. State*, 1956 OK CR 88, 303 P.2d 476, 481 (burden is upon the party asserting the privilege to show the relationship of attorney and client and other facts to bring the evidence within the terms of the statute pertaining to privileged communications).

¶ 10 Perfection did not show by either fact or law, that a claims file, as a particular class of communications, documents, or things, must *necessarily* contain *only* items that are prepared in anticipation of litigation or for trial and that this particular claims file is either factually, or as a conclusion of law, a member of that class. Perfection did not show that particular documents were prepared in anticipation of litigation or for trial. Alternatively, Perfection did not show that the entire claims file, by fact or law, contains only the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.

¶ 11 *If* Perfection shows that specific material was "prepared in anticipation of litigation or for trial" etc., the Scotts have the opportunity of showing that they have substantial need of the materials in the preparation of

---

attorney or the attorney's representative at the time of the communication is presumed to have authority to claim the privilege but only on behalf of the client.

 D. There is no privilege under this rule:

 1. If the services of the attorney were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud;

 2. As to a communication relevant to an issue between parties who claim through the same deceased client, regardless of whether the claims are by testate or intestate succession or by inter vivos transaction;

 3. As to a communication relevant to an issue of breach of duty by the attorney to the client or by the client to the attorney;

 4. As to a communication necessary for an attorney to defend in a legal proceeding an accusation that the attorney assisted the client in criminal or fraudulent conduct;

 5. As to a communication relevant to an issue concerning an attested document to which the attorney is an attesting witness;

 6. As to a communication relevant to a matter of common interest between or among two or more clients if the communication was made by any of them to an attorney retained or consulted in common, when offered in an action between or among any of the clients; or

 7. As to a communication between a public officer or agency and its attorney unless the communication concerns a pending investigation, claim or action and the court determines that disclosure will seriously impair the ability of the public officer or agency to process the claim or conduct a pending investigation, litigation or proceeding in the public interest.

4. Section 3226(B)(4) of the Discovery Code states:

 4. CLAIMS OF PRIVILEGE OR PROTECTION OF TRIAL PREPARATION MATERIALS. When a party withholds information otherwise discoverable under the Oklahoma Discovery Code by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

their case and that they are unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. 12 O.S.2001 § 3226(B)(2).[5] Perfection's claim that the Scotts did not make a § 3226(B)(2) showing of "substantial need" is not proper for review in advance of Perfection making its antecedent showing that § 3226(B)(2) applies to any document or class of documents.

¶ 12 This Court does not serve as a pretrial reviewing panel for trial court orders adjudicating discovery matters, and we supervise a trial court's discovery orders only in rare circumstances. *Heffron v. District Court Oklahoma County,* 2003 OK 75, ¶ 3, 77 P.3d 1069, 1073. This Court may use extraordinary writs when a District Court adjudicating a discovery dispute exceeds its authority or issues an order that is an abuse of discretion. *Farmers Ins. Co., Inc. v. Peterson,* 2003 OK 99, ¶ 8, 81 P.3d 659, 661; *Hall v. Goodwin,* 1989 OK 88, 775 P.2d 291, 292. An abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling. *Christian v. Gray,* 2003 OK 10, ¶¶ 43–44, 65 P.3d 591, 608–609. The evidence does not support the District Court's order protecting the NAICO claims file from discovery. The Court assumes original jurisdiction. Okla. Const. Art. 7 § 4.

¶ 13 A party asserting a privilege as reason for denying discovery must make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. 12 O.S.2001 § 3226(B)(4).[6] Per-

fection's and NAICO's asserted attorney-client privilege and work product doctrine exemption from discovery are not supported by sufficient facts describing the nature of the documents in the claims file.

¶ 14 Perfection's reliance on *Allstate Insurance Company v. Amick,* 1984 OK 15, 680 P.2d 362, to support non-discovery of a claims file is misplaced. A writ issued to prevent discovery in *Allstate* because the trial court action was brought by a third party against an insurer in the absence of a contractual or statutory relationship, and the action was not legally cognizable. *Id.* 680 P.2d at 364–365. Whether the trial court action is legally cognizable is not argued by the parties in the present case. We also note that the present action is not brought against a third-party insurance company.

¶ 15 A writ of prohibition issues to the Respondent judge or any other assigned judge in the cause styled Martin Scott and Cynthia Scott, Plaintiffs, v. Perfection Roofing, Co., Inc., Defendant, Cause No. CJ–2003–01224, District Court of Tulsa County. Respondent/assigned judge is directed to vacate all orders denying Plaintiffs' discovery of National American Insurance Company's entire claims file relating to a claim on behalf of Martin and Cynthia Scott (Claim No. GLO10134). Although Perfection's claims and argument are insufficient to prevent discovery, this does not mean that the trial court must compel production of the claims file at this stage in the trial court proceedings.

¶ 16 Perfection and NAICO did not file privilege logs in support of their claimed privilege and exemption from discovery. When a party, or a nonparty responding to a

---

5. *See, e.g., Ellison v. Gray,* 1985 OK 35, 702 P.2d 360, 363 ("Although ordinary work product is cloaked with a qualified immunity, it may be discovered upon a showing of the inability to secure the substantial equivalent of the materials without undue hardship."); *Heffron v. District Court Oklahoma County,* 2003 OK 75, n. 19, 77 P.3d 1069, 1079 (once party objecting to discovery shows that information was prepared in anticipation of litigation or trial, burden shifts to party seeking discovery to show exceptional circumstances under which it would be impracticable to obtain information by other means).

6. The form that NAICO's objection must take is based upon language in 12 O.S.Supp.2002 § 2004.1(D)(2) that is almost identical to § 3226(B)(4). Section 2004(D)(2) states that: "When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim."

subpoena, fails to file a privilege log and a log is necessary to adjudicate an asserted privilege, the District Court "shall order" the party asserting the privilege to file a privilege log.

When a claim of privilege or other protection from discovery is made in response to any request or subpoena for documents, and the court, in its discretion, determines that a privilege log is necessary in order to determine the validity of the claim, the court shall order the party claiming the privilege to prepare and serve a privilege log upon the terms and conditions deemed appropriate by the court. The privilege log shall be served upon all other parties. Unless otherwise ordered by the court, the privilege log shall include, as to each document for which a claim of privilege or other protection from discovery has been made, the following:

a. the author or authors,

b. the recipient or recipients,

c. its origination date,

d. its length,

e. the nature of the document or its intended purpose, and

f. the basis for the objection.

The court may conduct an in camera review of the documents for which the privilege or other protection from discovery is claimed. If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to subsection C of Section 3226 of this title.

12 O.S.Supp.2002 § 3237(A)(2), (in part).

The District Court did not order Perfection to file a privilege log as required by § 3237. This failure is an abuse of discretion and may be corrected by a supervisory writ from this Court. *Farmers Ins. Co., Inc. v. Peterson, supra.* The District Court is directed to order Perfection to file a privilege log in support of its asserted privilege and exemption from discovery.

¶ 17 We have stated that a party should request an *in camera* review and we have directed a District Court to provide an *in camera* review to adjudicate an asserted privilege. *YWCA of Oklahoma City v. Melson,* 1997 OK 81, n. 42, 944 P.2d 304, 311; *Skinner v. John Deere Ins. Co.,* 2000 OK 18, ¶ 12, 998 P.2d 1219, 1222. Section 3237 states that the District Court *may* conduct an *in camera* review of the documents that are claimed to be protected from discovery.

¶ 18 The District Court's order requiring Perfection to file a privilege log shall also include a direction to Perfection to file the documents under seal with the District Court. *YWCA of Oklahoma City v. Melson,* 1997 OK 81, n. 42, 944 P.2d 304, 311. The District Court *may* hold an *in camera* review of the documents to the extent that the District Court determines that such review is necessary to adjudicate whether a privilege or exemption from discovery exists as to particular documents. 12 O.S.Supp.2002 § 3237.

¶ 19 The Scotts seek a writ from this Court to compel production of the claims file because Perfection allegedly did not make a 12 O.S.2001 § 3226(C) statement of good faith in resolving the discovery dispute as a part of its motion for a protective order. We need not determine whether an absence of the statement would be sufficient, by itself, to overcome an asserted privilege and compel production of documents.

¶ 20 Matters of pleading and practice are reviewed using a "substantial compliance" test. *Graff v. Kelly,* 1991 OK 71, 814 P.2d 489, 495; *Joe Walsh Advertising, Inc. v. Phillips Tire & Supply Co.,* 1972 OK 90, 498 P.2d 1391, 1392; *Horn v. Sturm,* 1965 OK 52, 408 P.2d 541, 544. Determining substantial compliance with a statute involves a judicial examination of facts, and then once those facts are established the issue is primarily one of law. *K & H Well Service, Inc. v. Tcina, Inc.,* 2002 OK 62, ¶ 9, 51 P.3d 1219, 1223; *Eckels v. Krober,* 1947 OK 175, 181 P.2d 268, 270. The Scotts possess the burden in this extraordinary writ proceeding to show facts necessary to support the requested writ. *James v. Rogers,* 1987 OK 20, 734 P.2d 1298, 1299; *Chandler U.S.A., Inc. v. Tyree,* 2004 OK 16, ¶ 25, 87 P.3d 598, 605.

¶ 21 The facts presented by the Scotts' application and petition, supporting

brief, and appendix are insufficient to show Perfection's lack of substantial compliance with § 3226(C). On rehearing the Scotts present additional facts in support of their argument. Generally, this Court does not allow a record to be supplemented by the parties on rehearing, and the few exceptions to this rule are not present in this case. *See, e.g., Pointer v. Hill,* 1975 OK 73, 536 P.2d 358, 361 (jurisdiction); *Chandler U.S.A., Inc. v. Tyree,* 2004 OK 16, ¶ 11, 87 P.3d 598, 601 (mootness doctrine); *Morgan v. Daxon,* 2001 OK 104, ¶ 4, 49 P.3d 687 (Opala, J., concurring) (protection of the structure and function of government). The Scotts' § 3226(C) claim of non-compliance by Perfection is insufficient in this proceeding to show a lack of substantial compliance by Perfection. We thus need not address appropriate remedies for non-compliance with § 3226(C) and whether they include compelling production of allegedly privileged documents.

¶ 22 The Scotts assert that discovery of the file should be compelled because Perfection did not file a privilege log. Section 3226(B)(4) of the Discovery Code states:

4. CLAIMS OF PRIVILEGE OR PROTECTION OF TRIAL PREPARA-TION MATERIALS. When a party withholds information otherwise discoverable under the Oklahoma Discovery Code by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

The Discovery Code was a adopted from the federal scheme and we have looked to federal authority construing federal Rule 26 for guidance when applying our similar provision.[7] Wright, Miller, and Marcus explain that a privilege log is *not required* by Rule 26. They state that privilege logs were required by federal courts with increasing frequency, but even after the recent amendment to Rule 26 in 1993 privilege logs were still not required by that Rule. 8 C. Wright, Miller, & Marcus, *Federal Practice and Procedure:* Civil 2d § 2016.1, at p. 234–235 (1994), *quoting, Advisory Committee Notes to 1993 Amendment,* Fed.R.Civ.P. 26, (emphasis added). Some federal courts have said a privilege log is one of many methods that may be used to satisfy Rule 26. *See, e.g., In re Imperial Corp. of America,* 174 F.R.D. 475, 477 (S.D.Cal.1997), *citing, In re Grand Jury Investigation,* 974 F.2d 1068 (9th Cir.1992).

¶ 23 While we recognize that the approach to this issue by federal courts is not uniform,[8] the comments by Wright, Miller, and Marcus are consistent with a judge's discretion pursuant to 12 O.S.Supp.2002 § 3237(A)(2) to determine if a privilege log is necessary to adjudicate a claim of privilege or exemption from discovery. A judge possesses § 3237 judicial discretion to determine whether or not a privilege log is necessary for the court to adjudicate the particular claim of privilege or exemption from discovery.

¶ 24 We note that the Comments to § 3226 and § 3237 are not completely consistent on this issue. 12 O.S.A. §§ 3226, 3237 (West 2004–2005), (Oklahoma Comments). For example, The Comment to § 3226 states, in part, that "The amendment to Okla. Stat. tit. 12, § 3226(B)(4) (Supp.1994) **requires a party who asserts an objection** to discovery on privilege grounds **to provide a 'privilege log'** describing the documents or communications that are not being disclosed." 12 O.S.A. § 3226 (West 2004–2005), (Oklahoma Comments, 1996 Revision), (emphasis added).

---

7. *Heffron v. District Court Oklahoma County,* 2003 OK 75, ¶ 13, 77 P.3d 1069, 1076; *Hall v. Goodwin,* 1989 OK 88, 775 P.2d 291, 293.

8. Some federal courts have stated that a privilege log is a required form for invoking a privilege. *See, e.g., Banks v. Office of Senate Sergeant–at–Arms,* 222 F.R.D. 7, 20 (D.D.C.2004), ("Under Rule 26(b)(5), a party is required to submit a privilege log when asserting a privilege as to any otherwise discoverable material."); *Burns v. Imagine Films Entertainment, Inc.,* 164 F.R.D. 589, 594 (W.D.N.Y.1996), ("Rule 26(b)(5) requires that the party asserting the privilege or protection must specifically identify each document or communication, and the type of privilege or protection being asserted, in a privilege log.").

The Comment to § 3237 states, in part, as follows.

> This amendment provides a procedure for the trial court to order a party or witness who objects to document production to prepare a privilege log if the court determines that it requires a privilege log to rule on a claim of privilege or other protection from discovery. The amendment also prescribes the contents for a privilege log, but the court has discretion to modify these contents as it deems appropriate. The amendment applies to the discovery of all documents as defined in Okla. Stat. tit. 12, § 3234(A)(1), including "writings, drawings, graphs, charts, photographs, motion picture films, phonograph records, tape and video recordings, records and other data compilations from which information can be obtained" as well as any tangible things that are subject to discovery. In addition to or instead of ordering preparation of a privilege log, the court may also order the production of documents for an in camera review.

> This amendment does not affect the requirement in Okla. Stat. tit. 12, § 2004.1(D)(2) and § 3226(B)(4) that a party or witness who withholds information from discovery on the basis of a claim of privilege or protection of trial preparation materials, must make the claim expressly and describe the materials sufficiently to enable the other party to contest the claim. **To obtain a privilege log under this section, however, the party seeking discovery must request it in a motion to compel inspection and copying.** A party who violates an order to prepare a privilege log may be subject to the sanctions provided in Okla. Stat. tit. 12, § 3237(B)(2); a witness who violates an order to prepare a privilege log may be held in contempt of court pursuant to Okla. Stat. tit. 12, § 2004.1(D) and (E).

12 O.S.A. § 3237 (West 2004–2005), (Oklahoma Comments, 2002 Revision), (emphasis added).

The § 3226 Comment states that § 3226 **requires** a person objecting to discovery to file a privilege log. However, the Comment to § 3237 states that the person seeking discovery must request the other party to file a privilege log, and whether one is filed is within the discretion of the District Court. We agree that § 3237 states that a District Court possesses discretion to require a party to file a privilege log. However, § 3237 does not state that a party seeking discovery must request a privilege log from the party objecting to discovery before a District Court may determine that a privilege log is necessary. A party need not file a "privilege log" to satisfy § 3226. However, if a party objecting to discovery does not file a privilege log to support a claim of privilege, a District Court may determine that a privilege log is necessary and order the party objecting to discovery to file the log.

¶ 25 In the case before us today, Perfection's claim of privilege and exemption from discovery was not supported by facts necessary for the particular claim it made, and thus additional facts in the form of a privilege log are necessary. The trial court's error is in failing to exercise § 3237 discretion and require a privilege log prior to adjudicating the claimed privilege and exemption from discovery.

¶ 26 The Scotts argue that Perfection's failure to file a privilege log constitutes a waiver of the privilege and a waiver of the opportunity to file a privilege log. The Scotts contend that filing a privilege log is a mandatory § 3226 duty and failure to file the log acts as a waiver of the privilege. When an asserted privilege lacks the factual specificity necessary to adjudicate the asserted privilege, the trial judge has a mandatory § 3237 duty to order the party asserting the privilege to file a privilege log. This § 3237 duty is inconsistent with the Scotts' assertion that a failure to file a privilege log acts as a waiver of the privilege.

 ¶ 27 This Court does not issue advisory opinions or answer hypothetical questions. *Thomas v. E–Z Mart Stores, Inc.,* 2004 OK 82, n. 3, 102 P.3d 133, 136; *City of Midwest City v. House of Realty, Inc.,* 2004 OK 56, n. 14, 100 P.3d 678; *Tulsa County Budget Bd. v. Tulsa County Excise Bd.,* 2003 OK 103, n. 31, 81 P.3d 662, 672. Perfection's claim of attorney-client privilege based upon

the status of NAICO as its liability insurer with a duty to defend Perfection *is made in the context of Perfection's assertion that particular documents are not subject to discovery*. Those documents have not been submitted under seal to the District Court for its review and they are not before us in this proceeding. Whether liability insurers in general, or this particular insurer, should be considered as part of an attorney-client relationship with insureds in the context of third-party discovery of a claims file, presents a hypothetical and abstract issue because of the absence of facts relating to the documents claimed to be privileged. Additionally, absent exigent and unusual circumstances not present here, we do not make first-instance assessments of applying legal principles to facts, but allow the parties to develop issues of fact and law in the District Court. *Christian v. Gray*, 2003 OK 10, ¶ 26, 65 P.3d 591, 604; *YWCA of Oklahoma City v. Melson*, 1997 OK 81, n. 1, 944 P.2d 304, 306. We expressly do not determine whether a liability insurer with a duty to defend possesses an attorney-client relationship with its insured, or whether any documents in NAICO's claims file are protected from discovery by an attorney-client privilege or subject to application of the work product doctrine.

¶ 28 In summary, let the writ issue directing the District Court to vacate its previously issued discovery orders described herein, and to require Perfection to provide to the District Court documents under seal and to file a privilege log in support of Perfection's and NAICO's claim of privilege and exemption from discovery. Additional relief is denied. Issues that are abstract and hypothetical in this proceeding due to the absence of facts, we leave for resolution by the District Court.

¶ 29 WATT, C.J., WINCHESTER, V.C.J., LAVENDER, HARGRAVE, OPALA, KAUGER, COLBERT, JJ., Concur.

¶ 30 TAYLOR, J., Dissents.

I would deny original jurisdiction. The trial judge was correct in the first instance and should be affirmed.