DARBY, V.C.J., dissenting:
*245 ¶1 I agree with the majority that the Ramey test has been satisfied, Ramey v. Sutton , 2015 OK 79, ¶ 2, 362 P.3d 217, 218, and Lori has in loco parentis standing. I dissent from the rest of the majority opinion. The majority compares its expansion of rights and creation of guidelines as similar to our broadening Eldredge 's holding in Ramey . However, Ramey removed the requirement of an express, written co-parenting agreement between same-sex partners in a case where there was none. Here, the majority finds that all of the requirements for the requested in loco parentis standing are met. The majority then goes on to state that the Ramey test no longer serves the best interest of children and creates in its place guidelines the courts must follow for claims of parentage by a non-biological same-sex co-parent. This Court does not issue advisory opinions. Scott v. Peterson , 2005 OK 84, ¶ 27, 126 P.3d 1232, 1239. Therefore, I believe the Court should use judicial restraint in this matter and base the holding on the narrowest grounds possible.