IN THE MATTER OF THE APPLICATION OF THE OKLAHOMA CAPITOL IMPROVEMENT AUTHORITY
2022 OK 31
Case Number: 119868
Decided: 04/05/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 31, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

IN THE MATTER OF THE APPLICATION OF THE OKLAHOMA CAPITOL IMPROVEMENT AUTHORITY FOR THE APPROVAL OF NOT TO EXCEED $200,000,000 STATE HIGHWAYS CAPITAL IMPROVEMENT NOTES, SERIES 2021 (OKLAHOMA DEPARTMENT OF TRANSPORTATION TIFIA RPI PROJECT)

ORIGINAL PROCEEDING TO APPROVE TIFIA NOTES

¶0 Oklahoma Capitol Improvement Authority seeks to enter into a federal loan agreement and notes to finance rural highway improvement projects. In accordance with 73 O.S.2021, ch. 6, § 350.120 O.S.2021, ch. 1, § 14.1

ORIGINAL JURISDICTION ASSUMED; BOND PROPOSAL APPROVED

Jered T. Davidson, The Public Finance Law Group, PLLC, Oklahoma City, for Petitioner

Thomas R. Schneider, Oklahoma Office of Attorney General, Oklahoma City, OK, for Petitioner

GURICH, J. 

¶1 In 2021, the Oklahoma Department of Transportation (ODOT), released an eight-year construction plan report, identified as the Oklahoma Transportation Commission Construction Work Plan (FFY 2021-FFY 2028). Within the Plan, ODOT recommended implementation of the Rural 2-Lane Advancement and Management Plan (RAAMP), which called for improvements to rural two-lane roadways throughout the State. RAAMP is expected to take multiple years, implemented incrementally via "financing packages and project bundles."

¶2 In order to accomplish the initial phases of RAAMP, the Oklahoma Capitol Improvement Authority (OCIA)73 O.S.2021, ch. 6, § 151

¶3 On May 24, 2021, 73 O.S.2021, ch. 6, § 350.1

A. Subject to the limitations with respect to the authorized date of issuance provided by this subsection, the Oklahoma Capitol Improvement Authority is authorized to issue notes, bonds or other evidences of obligation, and to execute federal loans with the United States Department of Transportation pursuant to the Transportation Infrastructure Finance and Innovation Act (codified as 23 U.S.C., Sections 601-609), in an amount necessary to generate net proceeds of Two Hundred Million Dollars ($200,000,000.00), no earlier than July 1, 2021, after providing for costs of issuance, credit enhancement, reserves and other associated expenses related to the financing. The principal amount of any note, bond or other evidence of obligation issued to the United States Department of Transportation in connection with any federal loan authorized hereunder may be increased following disbursement of loan proceeds by the amount of interest that may be capitalized and added to principal in accordance with the terms of the federal loan agreement.

B. Net proceeds of the financing will be deposited into a construction fund to provide for the financing of the acquisition of real property, together with improvements located thereon, and personal property, to construct, maintain and improve those state highway and state bridge assets identified in the Oklahoma Transportation Commission Construction Work Plan as represented in the Appendix of this act, which is incorporated as if fully set out herein.

C. The Transportation Commission or the Department of Transportation shall use the proceeds identified in subsection B of this section according to the priority of the enumerated projects as they appear for the applicable federal fiscal year in the Construction Work Plan described in subsection B of this section in order to facilitate the completion of the enumerated projects, giving consideration to the ability to match federal funding and such other factors as the Transportation Commission or the Department of Transportation shall deem fiscally prudent.

(Emphasis added). Thus, financing earmarked for remediating Oklahoma's rural roadways has been expressly authorized by the Legislature, subject to this Court's approval.

¶4 In furtherance of the anticipated highway-improvement projects, OCIA and ODOT submitted a "Letter of Interest for RRIF and TIFIA Credit Assistance" with the Build America Bureau.

¶5 On September 21, 2021, OCIA filed an application with this Court, requesting approval of the TIFIA Loan Agreement and accompanying notes. A hearing was scheduled for October 26, 2021 before a referee. Notice of the application and the statutorily mandated hearing was filed and subsequently published in The Oklahoman and the Tulsa World on October 1, 2021.

¶6 We have routinely approved similar bond/loan applications in the past. Mostly recently, in In re Okla. Tpk. Auth., 2018 OK 88431 P.3d 59Id. ¶ 7, 431 P.3d at 62. See also, In re Okla. Tpk. Auth., 2016 OK 124389 P.3d 318In re Application of Okla. Capitol Improvement Auth., 1998 OK 25958 P.2d 759

¶7 The proposed TIFIA loans are specifically authorized by the Legislature as an essential governmental function. Valid notice of this application was given by the OCIA, and no protests have come forward. Thus, there is no legally or factually supportable reasons to disapprove the application.

DARBY, C.J., KANE, V.C.J., KAUGER, WINCHESTER, EDMONDSON, COMBS, GURICH, AND KUEHN, JJ., CONCUR;

ROWE, J., CONCURS IN PART, DISSENTS IN PART.

FOOTNOTES

73 O.S.2021, ch. 6, § 152

See Letter of Interest for RRIF and TIFIA Credit Assistance, Appendix of Petitioner, Vol. I, Exhibit J, p. 1. A Letter of Interest is the first official document in the loan process under TIFIA. Build America Bureau administers USDOT credit programs such as TIFIA. In addition to facilitating infrastructure financing, the BAB also "also provid[es] technical assistance and encourage[es] innovative best practices in project planning, financing, delivery, and monitoring." https://www.transportation.gov/buildamerica/financing/tifia/applying.

Id. p. 15-16.

see also Brief of Petitioner, p. 12.

20 O.S.2021, § 14.1

* * *

Notice of the hearing on each application shall be given by a notice in a newspaper of general circulation in the state that on a day named, the applicant will ask the Court to hear its application and approve the obligations. Notice shall inform all persons interested that they may file protests against the issuance of the obligations and be present at the hearing and contest its legality. The notice shall be published one time not less than ten (10) days prior to the date named for the hearing and the hearing may be adjourned from time to time in the discretion of the Court.

20 O.S.2021, ch. 1, § 14.1

 

 

ROWE, J., concurring in part, dissenting in part:

¶1 I concur in the Court's judgment insofar as I do not recognize any clear constitutional or legal infirmities in Petitioner's application. I write separately to address a number of concerns I have with the nature of these proceedings. Most notably, Petitioner is essentially asking that we issue an advisory opinion affirming the legality of the TIFIA Loan Agreement. After the Application and Petition were filed, no adverse parties came forward to object to its approval. As a result, this Court is left without a real case or controversy to resolve. Instead, we are being asked to prematurely pass judgment on whether a complex financing structure and hypothetical financial instruments comply with the laws and the Constitution of the State of Oklahoma.

¶2 As a general matter, this Court does not issue advisory opinions or answer hypothetical questions. Scott v. Peterson, 2005 OK 84126 P.3d 1232

FOOTNOTES

73 O.S.2021 § 16020 O.S.2021 § 14.1

The Oklahoma Capitol Improvement Authority may file an application with the Supreme Court of Oklahoma for the approval of bonds issued hereunder, and exclusive original jurisdiction is hereby conferred upon the Supreme Court to hear and determine each application. The court shall give the applications precedence over the other business of the court and consider and pass upon the applications and any protests which may be filed thereto as speedily as possible. ... The decision of the court shall be a judicial determination of the validity of the bonds, shall be conclusive as to the Authority, the State of Oklahoma, its officers, agents and instrumentalities, and all other persons, and thereafter the bonds so approved and the rents and revenues pledged to their payment shall be incontestable in any court in the State of Oklahoma.

Title 20, § 14.1 authorizes any state agency or authority to file an application with this Court for the approval of any obligations to be issued by it. As with 73 O.S. § 160