JOE WALSH ADVERTISING, INC., a
Texas Corporation, Appellee,

v.

PHILLIPS TIRE AND SUPPLY COMPA-
NY, a Corporation, Appellant.

No. 43182.

Supreme Court of Oklahoma.

June 6, 1972.

Rehearing Denied July 11, 1972.

Kerr, Davis, Irvine, Burbage & Foster, by Francis S. Irvine and Larry D. Patton, Oklahoma City, for appellee.

Charles A. Whitebook, H. Richard Raskin, Whitebook & Raskin, Tulsa, for appellant.

BARNES, Justice.

This appeal involves proceedings to vacate a default judgment Appellee (hereinafter referred to as "Walsh") obtained against Appellant (hereinafter referred to

as "Phillips") in Oklahoma County Common Pleas Court's Cause No. 44584.

The petition Walsh filed, as plaintiff in that action, alleged, among other things in brief substance, that Phillips, the defendant therein, had engaged plaintiff as its advertising agent in December, 1964, "and agreed to pay for television advertising and agency production costs." The petition further alleged that, pursuant to said agreement, Walsh incurred television media costs totaling $7,272.00 at a certain television station in Oklahoma City and another named station in Tulsa, plus production costs of $231.11. Attached to Walsh's petition was a verified, itemized account of these charges totaling $7,503.11, alleged to be due since July 1, 1965. In the petition, Walsh sought recovery of said sum, plus interest, attorney's fees, and court costs.

After entry of Walsh's default judgment in June, 1966, for the principal amount Walsh prayed for, plus a few hundred dollars in costs, interest, and attorney's fees, an associate of the law firm representing Phillips in said Cause No. 44584 filed a motion on its behalf in October, 1966, to vacate and set aside said default judgment. This motion, though not filed until more than three months after the end of the court term at which the default judgment had been entered, contained all of the averments prescribed by 12 O.S.1961, § 1033, for a petition to vacate a judgment on the grounds specified in Section 1031, subd. 7, of the same Title. No summons was issued in connection with the petition's filing, but Walsh's counsel appeared in its behalf against the motion at the hearing thereon, without objecting that his client had not been summoned, nor claiming that its appearance at the hearing was only a special one. After arguments pro and con of the matter, the trial court held, among other things, that there was no cause for vacating the judgment under Section 1031, subd. 7, and overruled Phillips' motion before the end of the same month (October, 1966).

Phillips then attemped to appeal to this Court from said ruling, but did not file its petition in error here until the ninety-first day after the trial court had entered its order overruling the motion to vacate. After Walsh filed a motion to dismiss on that ground, Phillips also moved to dismiss its said appeal on the theory that the trial court lacked jurisdiction, after the term in which the default judgment was rendered, to act on its motion to vacate same. This Court thereafter dismissed said appeal.

In the meantime, Phillips had instituted new judgment vacation proceedings in the trial court by filing a petition to vacate the default judgment in Cause No. 44584, supra. Walsh then filed in said cause a motion to dismiss this petition, and, after a hearing thereon, the court entered a judgment sustaining it upon finding that the issues joined by the petition to vacate the default judgment, and the motion to dismiss it, had been determined by its previous order overruling Phillips' motion to vacate. Phillips then filed a motion for new trial, and, after it was overruled, lodged the present appeal.

■ Under the fourth Proposition it advances for reversing the trial court's judgment, Phillips takes the position that said court's order of October, 1966, overruling its motion to vacate the default judgment could not have been res adjudicata of the issues joined by its petition to vacate said judgment, and the motion to dismiss it, for the reason that the motion to vacate was not in compliance with Section 1033, supra, and that, therefore, the order overruling it was void and a nullity. We have held that substantial compliance with this statute is sufficient (Allen v. Allen, 201 Okl. 442, 209 P.2d 172) and, as hereinbefore noted, Phillips' motion (except for its title, which is not controlling) substantially complied with said statute. Since, as we have also already noted, Walsh's counsel appeared at the trial court's hearing on said motion and made no objection to it on that ground, Phillips will not now be heard to urge this as justification for

considering null and void the court's overruling of said motion. This would enable Phillips to take advantage of an allegedly erroneous court ruling that was invited. In this connection, notice the discussion in Aronson v. Aronson, Okl., 468 P.2d 493, 497, 498, and Taliaferro v. Reirdon, 186 Okl. 607, 99 P.2d 500 (2nd syll.). Furthermore, there is no material difference in the situation here and the one concerning which this Court in Hale v. McIntosh, 116 Okl. 40, 243 P. 157, 159, said:

"It is urged in the brief of counsel for defendants and also in the oral argument that the court did not have any jurisdiction to vacate the judgment after the term in which said judgment was rendered had been adjourned on a motion, and that the plaintiffs, under the statute, should have filed a verified petition and had a summons issued and served as in other cases. We are of the opinion, after a careful examination of the pleading filed by plaintiffs, denominated a motion, that *it is sufficient as a petition*, and no doubt was considered by the trial court and will be considered here as a petition, as *it contains all of the necessary averments of a petition*, and upon examination of the record the court permitted the same to be verified before he entered his final judgment in this cause. *The defendants entered their general appearances* by filing the motion to strike the pleading of the plaintiffs, and also by interposing their objection to the introduction of any evidence, upon the ground that the pleading by the plaintiffs did not allege facts sufficient to constitute a cause of action, and by introducing evidence in support of their own contentions in this cause, and in our opinion, the *defendants thereby waived their right to insist upon the issuance of a summons, and by said acts gave the court jurisdiction over their persons and the subject-matter of this action*, and under such circumstances we are clearly of the opinion that the pleadings were sufficient, and that the court had jurisdiction of the persons and subject-matter of this action, *so as to entitle it to render judgment upon the question as to whether there were sufficient grounds alleged and proven in this cause to justify it in vacating the default judgment* and setting the same aside, and that *no error was committed by the court* upon these propositions." (Emphasis added.)

In this case, Walsh voluntarily entered a general appearance and subjected itself to the jurisdiction of the trial court for the purpose of a ruling on the motion to vacate.

█ It is apparent from the foregoing that Phillips' theory in seeking dismissal of its original appeal to this Court was an inapplicable one. The disposal of that appeal terminated its rights in the present proceedings because the former vacation proceedings raised the same issues raised in this later proceeding, and the trial court properly found that its ruling in the former was res adjudicata of the latter.

In view of the hereinbefore mentioned dismissal of its appeal from the trial court's order and/or judgment of October, 1966, that judgment thereafter became final. As Phillips does not deny that said judgment determined against it the same issues as were joined at said court's subsequent hearing on its petition to vacate, the trial court correctly ruled that those issues were res adjudicata. See Corliss v. Davidson & Case Lumber Co., 183 Okl. 618, 84 P.2d 7 (1938), where the Court quoted the following language of the Supreme Court of the United States in American Surety Co. v. Baldwin, et al., 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231, 86 A.L.R. 298:

"* * * regardless of whether the controversy was started by a motion or by a petition, if the issues were properly brought before the court in some manner and if the parties were before the court, and the court made a binding decision which could have been appealed just as a judgment is ordinarily ap-

pealed from, it nevertheless is a thing adjudicated."

In this connection, see also the authorities cited in Parnacher v. Mount, Okl., 306 P.2d 302, 304.

Under Phillips' "PROPOSITION I", it argues that the trial court committed error for the further reason that the default judgment entered in Cause No. 44584, supra, was void because the court rendering it did not have venue and jurisdiction of said cause. There is no merit in this contention. Walsh's verified Statements of Account, on which the default judgment was based, showed that the charges comprising the account were for television advertising furnished in both Oklahoma and Tulsa Counties. 12 O.S.1961, § 134, and 12 O.S.1965 and 1971 Supp., § 142, prescribe the requirements for venue of a suit on open account. Section 134 reads:

"An action . . . against a corporation created by the laws of this State, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of its principal officers thereof may reside, or be summoned, or in the county *where the cause of action or some part thereof arose.*" (Emphasis added.)

Section 142, relating to actions for collection of open accounts or negotiable instruments, provides:

"The venue of civil actions for the collection of an open account or for the collection of any negotiable instrument shall be, at the option of the plaintiff or plaintiffs, in either of the following:

"(a) In any county in which the service of summons can be obtained upon the defendant or defendants as now provided by law; or

"(b) In the county in which the debt was contracted or in which the negotiable instrument was given."

The furnishing of the advertising in Oklahoma County made that County one where part of Walsh's cause of action arose under Section 134, supra, and it was also the county in which the debt was contracted under the wording of Section 142(b), above. 12 O.S.1965 Supp., § 143, provides that where the action is filed in the county where the debt was contracted—and here part of the debt was contracted in Oklahoma County—then summons may issue to any other county in Oklahoma for service upon the defendant or defendants.

As the trial court's order of October, 1966, overruling Phillips' motion to vacate the previous default judgment must, under the circumstances of this case, be considered a valid determination of Phillips' alleged cause of action for vacating said judgment, and Phillips, after dismissing its appeal to this Court, allowed said order to become final, we are of the opinion that the trial court's finding, in entering the judgment on which Phillips herein seeks a new trial, that its previous order on the motion to vacate rendered the attempted vacation of the default judgment a "thing adjudicated" or res adjudicata, was a correct one. Having so concluded, it is unnecessary to discuss the parties' present contentions about the merits of said alleged cause of action for vacation of the judgment, or any other arguments presented in their briefs.

In view of the foregoing, the decision of the Court of Appeals is hereby reversed and the judgment of the trial court is affirmed.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN, LAVENDER and McINERNEY, JJ., concur.