2005 OK 72

**STATE of Oklahoma, ex rel. OKLAHOMA DEPARTMENT OF CORRECTIONS, Petitioner,**

**v.**

**The Honorable Rocky L. POWERS, Associate Judge of the District Court within and for Bryan County, et al., Respondents.**

No. 102,489.

Supreme Court of Oklahoma.

Oct. 18, 2005.

---

---

## ORDER

¶ 1 Original jurisdiction is assumed. Art. 7 § 4, Okla. Const. The Court, after hearing, finds and holds:

¶ 2 One of the real parties in interest is an inmate in the custody of the Department of Corrections and a mother, whose parental rights are sought to be terminated in the underlying proceeding brought by the State *ex rel.* District Attorney of Bryan County in the District Court of the same county, cause No. JD–2002–4;

¶ 3 On June 8, 2005, the State made application for the writ of *habeas corpus ad testificandum* in order to secure the presence of the mother at a "hearing on the merits" before the respondent-judge on the September 2005 jury docket;

¶ 4 In its application the State asked that the cost of transporting the mother be assessed against her; in response, the petitioner (Department of Corrections) agreed that, pursuant to the terms of 12 O.S.Supp.2004 § 397, the mother is the "appropriate party" to pay;

¶ 5 The terms of § 397 require the court, upon issuance of a writ of *habeas corpus,* to "order the person applying for such writ or other appropriate party to pay to the custodian executing the writ all costs of transporting the prisoner to and from the court;"

¶ 6 Failure to comply with *all* of the requirements of § 397 renders the writ "void and unenforceable." 12 O.S.Supp.2004 § 397(D);

¶ 7 The respondent-judge granted the writ, directing the Department of Corrections to transport the mother for hearing on September 19, 2005, from the correctional facility where she is incarcerated to the Bryan County Courthouse and to return her to the facility after testifying, at *no* cost to her;

¶ 8 The Department of Corrections seeks to be relieved from the writ's perceived effect, insofar as the order holds the mother harmless for the cost of transportation, fails to provide for payment of such expense to the custodian, and thereby requires it to provide transportation without being paid for the service;

¶ 9 According to the paperwork filed herein and representations of counsel at oral argument, **(a)** no trial or hearing was held in the underlying matter on September 19, 2005, **(b)** trial on the merits of the termination has been postponed pending the outcome of this original proceeding, **(c)** the respondent-judge has not been asked to place responsibility for the transportation expense upon any person or entity other than the mother, **(d)** no showing whatsoever has been made as to why the statutorily designated "person applying for such writ" was not or should not have been considered upon application or otherwise, and **(e)** the petitioner has wholly failed to establish that the mother should bear the expense, inasmuch as she neither initiated the underlying proceeding nor applied for the writ, and no special or unique circumstances are offered to show that she is the "appropriate party" to pay;

 ¶ 10 The writ has become inefficacious by its own terms and would otherwise render this original proceeding moot, but because the underlying termination proceeding is pending and the mother's appearance in court will likely be again sought by the State, this matter falls within an exception to the mootness doctrine, because it is capable of repetition yet evading review. See *In Re: Mental Health of D.B.W.,* 1980 OK 125, ¶ 5, 616 P.2d 1149, 1150–1151;

¶ 11 The respondent-judge correctly ruled that the mother should not be required to pay the costs associated with bringing her to the courthouse to testify at the trial on the State's petition to terminate her parental rights;

¶ 12 The writ is nonetheless facially void under § 397 for want of an order requiring any person or party to pay the costs of transportation;

¶ 13 Let the writ issue, prohibiting the respondent-judge, or any other assigned judge, from enforcing the § 397 writ of *habeas corpus ad testificandum* which is before this Court.

¶ 14 WATT, C.J., LAVENDER, HARGRAVE, OPALA, EDMONDSON and COLBERT, JJ., concur.

¶ 15 WINCHESTER, V.C.J., KAUGER and TAYLOR, JJ., concur in result.

VOTE FOR OFFICIAL PUBLICATION:
¶ 16 ALL JUSTICES CONCUR.