OSCN Found Document:WONSCH and VUNCANNON v. BOWMAN

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 WONSCH and VUNCANNON v. BOWMAN
2025 OK CIV APP 22
Case Number: 120956
Decided: 06/06/2025
Mandate Issued: 07/03/2025
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2025 OK CIV APP 22, __ P.3d __

 

ROBERT V. WONSCH, Individually, Plaintiff/Appellant
and
BILLY VUNCANNON, Individually, Plaintiff
vs.
DR. BOWMAN, WARDEN, Individually and in his official capacity, Defendant/Appellee

APPEAL FROM THE DISTRICT COURT OF
COMANCHE COUNTY, OKLAHOMA

HONORABLE EMMIT TAYLOE, TRIAL JUDGE

VACATED AND REMANDED FOR FURTHER PROCEEDINGS

Robert V. Wonsch, Granite, Oklahoma, For Plaintiff/Appellant

Thomas G. Ferguson, Jr., WALKER, FERGUSON & FERGUSON, Oklahoma City, Oklahoma, For Defendant/Appellee

JOHN F. FISCHER, JUDGE:

¶1 Robert V. Wonsch appeals the denial of his motion to vacate the order quashing service of summons on fifteen defendants, including "Dr. Bowman." Bowman is alleged to have been the warden -- and the other defendants employees -- of the Lawton Correctional and Rehabilitation Facility where Wonsch was incarcerated at the time this action was filed. 

BACKGROUND

¶2 Wonsch filed this case on January 18, 2022, asserting various violations of his constitutional rights while he was incarcerated in the custody of the Oklahoma Department of Corrections. 

¶3 At the same time he filed his Petition, Wonsch filed a motion for alternative service on the defendants asserting that he was an indigent inmate. He asked the district court to authorize: (1) personal service by the sheriff's office, (2) service by mail through the court clerk's office, or (3) service by publication. Wonsch filed a motion to proceed in forma pauperis on January 24, 2022, requesting the abatement of all filing fees in the case. There is no disposition of the motion for alternative service in the record on appeal. There is a docket entry on January 24, 2022, indicating: "SUMMONS ISSUED x 15." The record likewise contains a handwritten summons addressed to each of the fifteen defendants with a file-stamp date of January 24, 2022. It appears that these summonses were returned to Wonsch after they were filed. Wonsch's handwritten summonses were not "on forms approved by the court . . . ." 12 O.S.2021 § 2003.1

¶4 On July 11, 2022, Wonsch filed an affidavit of service in which he purported to have served all defendants by certified mail, and the district court docket sheet for that date reflects the following entries: "Summons Returned, Served" followed by the name of each of the fifteen defendants. Attached to Wonsch's affidavit as proof of service is a copy of one certified mail return receipt showing it was addressed to "Lawton Correctional Facility/Wardens Office." The receipt, dated June 29, 2022, bears the signature of "Snead."

¶5 On July 14, 2022, Mark Bowen entered a special appearance and filed a motion to quash service of summons. Bowen argued that Wonsch failed to comply with 12 O.S.2021 §§ 2003.1

¶6 Warden Bowen's motion to quash was set for hearing on August 11, 2022. On August 5, 2022, Wonsch signed a Comanche County Court form acknowledging receipt of the notice of hearing. The district court granted the motion to quash in a "Court Order" filed on August 11, 2022, finding that Wonsch had "failed to obtain proper service on any of the named defendants in this matter as required by 12 O.S. § 2004

¶7 Court records do not reflect when a copy of the August 11 order quashing service of summons was mailed to Wonsch. However, at some point Wonsch had received a copy of that order and filed Petitioner's Motion to Vacate Impermissible Order: Pursuant to "Ex Parte" Communication and Hearing in Violation(s) of 14th Amendment. Wonsch's motion sought to vacate the district court's August 11 order quashing service of summons on the grounds that the district court conducted an "impermissible and/or unauthorized 'EX PARTE' hearing" on that date. He also asserted that counsel for Warden Bowen violated the Rules of Professional Conduct governing attorneys by attending the hearing without Wonsch being there. As a result, Wonsch argued that the district court lacked jurisdiction to enter the August 11 order quashing summons. He also asked the court to issue a writ of mandamus directing the sheriff to serve summonses on the defendants. Wonsch's motion was file-stamped by the Comanche County Court Clerk on August 26, 2022.

¶8 On September 26, 2022, Wonsch filed a motion to be present at all proceedings, which was set for hearing on October 27, 2022. Wonsch's motion to vacate the order quashing summons and several other pending motions were also set for hearing on October 27, 2022. The record contains a document signed by Wonsch acknowledging receipt of the district court's notice setting those matters for hearing on that date.

¶9 In an order filed on November 7, 2022, the district court denied Wonsch's motion to vacate the August 11 order and granted the defendants' motion to dismiss this case. 12 O.S.2021 § 696.2

¶10 On November 28, 2022, Wonsch's second motion to vacate was filed. This motion sought to vacate all five orders issued on November 7, 2022, including the denial of his motion to vacate the August 11 order quashing service of summons. According to the affidavit of mailing attached to this motion, Wonsch delivered the motion to the appropriate prison staff for mailing on November 21, 2022.

¶11 Wonsch filed his petition in error on December 30, 2022, while his November motion to vacate was pending. He seeks review of all five November 7, 2022 orders. However, for the reasons stated in this Opinion, our disposition of the November 7 order denying his August 26, 2022 motion to vacate the August 11 order quashing service of summons is dispositive of this appeal.

ISSUES PRESERVED ON APPEAL

I. Wonsch's First Motion to Vacate

¶12 The August 11, 2022 order quashing service of summons contains no certificate of mailing to Wonsch. Nevertheless, Wonsch filed his first motion to vacate that order on August 26, 2022. Where an appellant is not the party who has prepared the judgment, decree, or final order, where § 696.2 of Title 12 requires that a copy of same be mailed to appellant, and where the court records do not reflect mailing within three days, all deadlines imposed for filing post-trial motions (such as Wonsch's motion to vacate) run from "the earliest date on which the court records show that a file-stamped copy of the judgment, decree, or final order was mailed . . . rather than from the date of filing." 12 O.S.2021 § 990.2 

¶13 Consequently, when that motion was denied on November 7, 2022, Wonsch could have appealed "from the [August 11 order quashing service of summons], from the ruling on the motion [to vacate], or from both, in one appeal . . . ." 12 O.S.2021 § 990.2Berkson v. State ex rel. Askins as Admin. Dir. of the Cts., 2023 OK 70532 P.3d 36

II. Wonsch's Second Motion to Vacate

¶14 Wonsch's second motion to vacate, filed on November 28, 2022, sought to vacate the November 7 orders, including the denial of his motion to vacate the August 11 order quashing service of summons. Although the motion was file-stamped by the Comanche County Court Clerk on November 28, 2022, for purposes of 12 O.S.2021 § 990.212 O.S.2021 § 2006See Woody v. State ex rel. Dep't of Corr., 1992 OK 45833 P.2d 257Halladay v. Bd. of Cnty. Comm'rs, 2004 OK CIV APP 3790 P.3d 578

¶15 Although deemed filed within ten days of the November 7 order, Wonsch's second motion to vacate the August 11 order quashing service of summons did not preserve any issue for appellate review. Joe Walsh Adver., Inc. v. Phillips Tire & Supply Co., 1972 OK 90498 P.2d 1391accord Salyer v. Nat'l Trailer Convoy, Inc., 1986 OK 70727 P.2d 1361

STANDARD OF REVIEW

¶16 A district court's decision refusing to vacate a judgment, decree or final order is reviewed for abuse of discretion. Hammer v. State, 2022 OK 80519 P.3d 91Ferguson Enters., Inc. v. H. Webb Enters., Inc., 2000 OK 7813 P.3d 480Christian v. Gray, 2003 OK 1065 P.3d 591

ANALYSIS

I. The Timeliness of Wonsch's Appeal

¶17 By Order filed January 17, 2023, the Supreme Court directed Wonsch to show cause why his appeal should not be dismissed as untimely for failure to submit a pauper's affidavit and, if "the order appealed does not have a certificate of service showing the date it was mailed, [Wonsch] shall also advise the date on which [he] received the November 7, 2022 orders." Wonsch responded by filing an affidavit on February 2, 2023, in which he stated under oath that the November 7, 2022 "ORDER was received on January 20, 2023 during 9:00 pm mail call." Based on this representation, and prior to receipt of the record on appeal, the Supreme Court entered an order on January 17, 2023, directing the appeal to proceed.

¶18 Now having the benefit of the record on appeal to review, we conclude that Wonsch's response to the Supreme Court was not truthful or, at best, was materially misleading. It is only true that Wonsch first received a certified copy of the November 7 Journal Entries on January 20, 2023, after he filed his appeal. However, in his November 28, 2022 Notice of Intent to Appeal the November 7 Journal Entries, Wonsch acknowledged that he received file-stamped copies of the district court's Journal Entries during the prison's November 18, 2022 mail call. Wonsch admitted that he received copies of the November 7, 2022 Journal Entries on November 18, and by November 28, 2022, Wonsch had filed a motion to vacate the November 7 Journal Entries.

¶19 Based on these facts, the following statements in Wonsch's February 2023 affidavit are not true, or are misleading to the point of being untrue:

1. "Mr. Wonsch was never provided a copy of the [November 7, 2022] 'order'(s)' issued by the Comanche County Courthouse until after he filed his appeal . . ." on December 30, 2022. (emphasis in original, footnote omitted).

2. "Mr. Wonsch received a courtesy copy of those 'orders' from [defense counsel] on the 8th day of December, 2023." (emphasis in original).

3. "January 5, 2023, was the first and only mailing received by Mr. Wonsch containing the appealed order(s)." (emphasis in original).

Consequently, it is clear Wonsch filed his petition in error more than thirty days after November 18, 2022, the date he admits that he first received a copy of the November 7 Journal Entries he seeks to have reviewed in this appeal. Whether the Supreme Court would have permitted Wonsch's appeal to proceed if he had been truthful in his affidavit, that pre-assignment ruling is binding on this Court. LCR, Inc. v. Linwood Props., 1996 OK 73918 P.2d 1388

II. Denial of Wonsch's August 26, 2022, Motion to Vacate

¶20 Wonsch's August 26, 2022 motion to vacate was authorized by 12 O.S.2021 § 1031.1Berkson v. State ex rel. Askins as Admin. Dir. of the Cts., 2023 OK 70532 P.3d 36Id. ¶ 16, 532 P.3d at 44 (footnote omitted) (quoting Salyer v. Nat'l Trailer Convoy, Inc., 1986 OK 70727 P.2d 1361Christian v. Gray, 2003 OK 1065 P.3d 591

¶21 The November 7, 2022 Journal Entry does not state the basis on which the district court denied Wonsch's August 26 motion to vacate. That Journal Entry merely records the district court's action. However, Wonsch raised four issues in his motion to vacate: (1) he stated that he had filed a motion for alternative service at the same time he filed his petition, but that the court issued all fifteen summonses and returned them to Wonsch without ruling on his motion for alternative service; (2) he argued that the August 11 hearing on the motion to quash summons was conducted ex parte and in violation of his constitutional right to due process of law; (3) he contended that the district court never ordered the motion to quash to be set for hearing and that the court, therefore, lacked jurisdiction to enter the August 11, 2022 order quashing summons; and (4) he renewed his request to have the sheriff effect service of process on the defendants. Only the issues regarding the motion for alternative service required the district court's further deliberation.

A. Alleged Procedural Errors Regarding the August 11 Hearing

¶22 It is undisputed that the motion to quash was set for hearing on August 11, 2022, and that Wonsch was notified of that hearing. He also signed and returned the court's notice acknowledging that he had been notified of the hearing date for that motion. An impermissible ex parte hearing is one conducted in the absence of one party who was not notified of the proceeding. Black's Law Dictionary, 5th Ed. (West Pub. Co., 1979). A hearing conducted in open court after notice to the parties does not become an ex parte proceeding because one of the parties does not attend. 

¶23 Further, the district court has "unlimited original jurisdiction of all justiciable matters," including the jurisdiction to decide the motion to quash. See Okla. Const. art. 7, § 7. The district court is expressly authorized to quash service if it "holds that the summons or its service was invalid." 12 O.S.2021 § 2004

B. The Motion for Alternative Service

¶24 Wonsch's alleged error regarding his motion for alternative service cannot be resolved from this record. And although the district court quashed service of the summonses, it does not appear that the district court addressed Wonsch's motion for alternative service prior to granting the defendants' subsequent motions to dismiss this case. Section 2004(I) provides, in part, that: "The action shall not be dismissed if a summons was served on the defendant within one hundred eighty (180) days after the filing of the petition and a court later holds that the summons or its service was invalid." Although service was later determined to be defective, defendants were served prior to the expiration of 180 days after Wonsch filed this case.

¶25 Nonetheless, we agree with the district court that Wonsch's attempted service of summons on June 29, 2022, did not satisfy the requirements of 12 O.S.2021 § 2004Id. Consequently, unless Wonsch was a "person authorized to serve process pursuant to subparagraph a of paragraph 1" of section 2004, his attempted service by mail was ineffective.

¶26 Section 2004(C)(1)(a) provides that a summons and petition: "shall be served by a sheriff or deputy sheriff, a person licensed to make service of process in civil cases or a person specially appointed for that purpose." Absent being "appointed" to serve summons, Wonsch does not meet any of these designations. In fact, section 2004(C)(7) explicitly precludes Wonsch from such a special appointment: "No prisoner in any jail, Department of Corrections facility, private prison, or parolee or probationer under supervision of the Department of Corrections shall be appointed by any court to serve process on any defendant, party or witness."

¶27 As a result, and as relevant to this case, only the Comanche County Sheriff or the Comanche County Court Clerk would have been authorized to serve Wonsch's petition and summonses. Therefore, the district court was correct in quashing the service attempted by Wonsch on June 29, 2022. However, that ruling did not terminate the case. "After a court quashes a summons or its service, a new summons may be served on the defendant within a time specified by the judge." 12 O.S.2021 § 2004

CONCLUSION

¶28 As the district court found, Wonsch's attempted service of summons failed to satisfy the requirements for personal service in 12 O.S.2021 § 2004

¶29 VACATED AND REMANDED FOR FURTHER PROCEEDINGS.

WISEMAN, P.J., and BLACKWELL, J., concur.

FOOTNOTES

See Okla. Sup. Ct. R. 1.25(b): "Designations such as 'et al.' shall not be used."

12 O.S.2021 § 2023

Owens v. Owens, 2023 OK 12529 P.3d 905Id. ¶¶ 30-31, 529 P.3d at 915. Although Owens was interpreting language found in 12 O.S.2021 § 990A12 O.S.2021 § 990.2Owens rationale applied to post-trial motions filed pursuant to 12 O.S.2021 § 990.2Owens prospective effect only from February 14, 2023.

See 12 O.S.2021 § 397State ex rel. Okla. Dep't of Corr. v. Powers, 2005 OK 72125 P.3d 1189Kordis v. Kordis, 2001 OK 9937 P.3d 866

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105